In the Matter of the Probate of the Will of JANE E. KELEMAN, Deceased.

Where, upon probate of a will, no question is raised as to the validity of the will itself, but an issue is presented as authorized by the Code of Civil Procedure (§ 2624), for the determination of the surrogate as to " the construction, validity and effect," of a disposition of personal property contained therein, extrinsic parol evidence as to the circumstances under which the will was executed is incompetent; nor is such evidence admissible to establish a trust *ex maleficio*, as of such a question a Surrogate's Court has no jurisdiction.

126    73
151    332
126    73
154    213

*In re O'Hara* (95 N. Y. 403), distinguished.

K., by her will, gave legacies to certain charitable institutions, one of which was also made residuary legatee. A codicil, executed four days after the will, after stating that doubt had arisen as to the validity of the said bequests for charitable purposes, modified the will by making W. residuary legatee; the testatrix requested him to carry into effect her wishes with respect to said charitable bequests, stating, however, that this was not to be construed into an absolute direction on her part, but as merely her desire   By reason of her death, within two months after the execution of the will and codicil, said bequests were invalidated. Probate of the will was not contested, but the next of kin answered, alleging the invalidity of the charitable bequests; also, that the residu ary bequest in the codicil was void because it was either an evasion of the statute or a fraud upon the testatrix or next of kin. *Held,* that the sole question raised of which the surrogate had jurisdiction was as to whether the bequest to W. was absolute or in trust; that it was absolute, and so, valid upon its face.

*It seems.* if by any extrinsic evidence it could be made to appear that there were grounds for imposing a trust *ex maleficio* upon the residuary estate

in favor of the next of kin an action might be brought in equity for that purpose.

Reported below, 57 Hun, 165.

(Argued February 23, 1891, decided March 10, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 6, 1890, which affirmed a decree of the Surrogate's Court of the county of New York, construing the will and a codicil thereto of Jane E. Keleman, deceased.

The testatrix, by her will, executed February 18, 1889, gave legacies to four charitable institutions, and to one of them gave her residuary estate. On February 22, 1889, she made a codicil thereto as follows: " Doubts having arisen as to the validity of the bequests made for charitable purposes in my said will, I hereby modify said will dated February 18, 1889, by making my friend Townsend Wandell my residuary legatee and devisee, and hereby request him to carry into effect my wishes with respect thereto, but this is not to be construed into an absolute direction on my part, but merely my desire * * *." K. died March 18, 1889. The will and codicils having been offered for probate her next of kin put in an answer by which they put in issue the validity of the charitable bequests on the ground that they were made less than two months prior to the death of the testatrix, and alleging that the residuary gift in the codicils was void, on the ground that if accepted by the residuary legatee for the purpose of carrying out the request it was a fraud upon the law and an evasion of the statute, and if the bequest was accepted and the request repudiated, the bequest would operate as a fraud upon the testatrix and the next of kin, and prayed that the testatrix be decreed to have died intestate as to the residuary estate.

Upon the hearing extrinsic evidence was admitted as to conversations with and statements made by the testatrix in relation to the codicil for the purpose, as stated by the surrogate in his opinion, " of ascertaining whether or not, by matter *de hors* the will or codicil, a trust was imposed upon the residuary legatee

which it would be a fraud upon the testatrix for him to ignore· or disregard." The surrogate decided the codicil to be an absolute bequest to Wandell of the residuary estate, the validity· of which could not be attacked by the next of kin.

*C. Carskaddan* for appellants. The next of kin have the right upon the probate of the will to raise the question of construction. (Code Civ. Pro. § 2624; *In re Bawer*, 113 N. Y. 569, 573; *In re Fuller*, 5 N. Y. Supp. 46.) A bequest or· devise to a corporation or society for benevolent, charitable, scientific or missionary purposes, organized under chapter 319 of the Laws of 1848 (which forms part of chapter 18, part· first of the Revised States), or under acts subjecting them to the restrictions contained in that act, is invalid unless the will· containing the bequest is executed at least two months before the death of the testator. (Laws of 1848, chap. 319, § 6; 2 R. S. [5th ed.] 624, 625, § 6; *Le Ferre* v. *Le Ferre*, 59 N. Y. 434–448; *Kerr* v. *Dougherty*, 79 id. 327, 336.) A corporation or society for either of above purposes cannot take real or personal estate by devise or bequest unless expressly authorized by its charter or by statute. (2 R. S. [4th ed.] 241,. § 3.; *Wright* v. *Trustees*, 1 Hoff. 201–224; *Theo. Sem.* v. *Childs*,. 4 Paige, 419; 2 Kent's Comm. 298; 2 R. S. [5th ed.] 596, §§ 1, 2, 3; *Halstead* v. *Mayor, etc.*, 3 N. Y. 433.) The American Society for the Prevention of Cruelty to Animals and the Methodist Episcopal Church Home, being neither of them empowered by charter or statute to take personal estate by bequest, and the last named society being subject to the restrictions in the 18th chapter of the first part of the Revised Statutes (in which is embodied chapter 319 of the Laws of 1848), it follows that the two bequests of $5,000 each made to them are invalid, and also the bequest of the residuary estate in the· ninth clause of said will to the said church home. (Laws of 1851, chap. 225; Laws of 1866, chap. 469; Laws of 1871, chap. . 76; 2 R. S. [5th ed.] 624, 625, § 6; *Kerr* v. *Doughtery*, 79 N. Y. 327–339.) These bequests being so invalid and void, cannot be validated and made operative by means of the codicil

of February twenty-second, making Townsend Wandell residuary legatee in place of said church home, for that simply created a trust to carry out the invalid legacies and is equally invalid in law. (*In re O'Hara*, 95 N. Y. 403, 412, 415, 420, 421, 422; 23 id. 609, 611; *Riker* v. *Leo*, 115 id. 93, 98; 1 Williams on Ex. 88; *Van Dyke* v. *Van Beuren*, 1 Caines, 84.) These bequests of $5,000 each and the residuary estate should be distributed to the next of kin as property not effectually disposed of by will, and under the resulting trust in favor of the next of kin. (6 Paige, 608; 10 id. 193, 200; *In re O'Hara*, 95 N. Y. 411.) The surrogate erred in refusing to allow the witness Tichenor to state what he said to the testatrix with reference to this codicil before she spoke to him about it. (Code Civ. Pro. § 835; *In re Chapman*, 27 Hun, 573.) The surrogate erred in refusing to pass upon the requests to find matters of fact and conclusions of law presented by the contestants upon the settlement of the case. (Code Civ. Pro. § 2545; *Burger* v. *Burger*, 111 N. Y. 527; *Augevine* v. *Jackson*, 103 id. 470.) Parol and extrinsic evidence is always admissible to impeach the validity of a will or any part of it. (1 Bradf. 360; 2 Redf. 1; 95 N. Y. 411, 412; 27 Hun, 573; 16 id. 628.)

*Jacob F. Miller* for respondent.    This will was duly proved. To admit parol evidence to show the meaning of the will would be to allow to be established by parol what the law requires to be in writing and thus array the law against itself. (3 R. S. 3343, §§ 7, 8.) The law does not authorize the surrogate to try an issue with the view to impress a trust upon the property bequeathed in and by the will. (Code Civ. Pro. §§ 2472, 2624; Laws of 1870, chap. 359, § 11; Redf. on Surrogates [4th ed.], 53; *In re McLaughlin*, 1 Tuck. 79; *In re Gilman*, 38 Barb. 364; *Nelson* v. *McGiffert*, 3 Barb. Ch. 158; *In re Forman*, 54 Barb. 274; *Bevan* v. *Cooper*, 72 N. Y. 317; *Waters* v. *Cullen*, 2 Bradf. 254; *Hillis* v. *Hillis*, 16 Hun, 76; Laws of 1880, chap. 245, § 46; *Riggs* v. *Cragg*, 89 N. Y. 479; *In re Underhill*, 117 id. 471; *In re Vowers*, 113 id. 573.) The

surrogate having stated his findings of fact and conclusions of law separately upon his admission of the will and codicils to probate, and having construed the will and codicils as stated in the decree appealed from, he did all that the law required of him. (*Burger* v. *Burger*, 111 N. Y. 527.) The exceptions relating to conversations between the deceased and her counsel were not well taken. (Code Civ. Pro. § 835.) The ninth clause and probably also the fifth clause of the will was revoked by the first codicil, which recited that " doubts having arisen as to the validity of the bequests made for charitable purposes in my said will, I hereby modify my said will, dated February 18, 1889." And both were rendered void by the death of the testatrix within two months. (Laws of 1848, chap. 319, § 6 ; 1 Jarman on Wills, 333 ; 1 Redf. on Wills, 175 ; 2 Story's Eq. Juris. 286, § 1069 ; *Shultz's Appeal*, 80 Penn. St. 405 ; *Rowbotham* v. *Dunnett*, L. R. [8 Ch. Div.] 430 ; *Jones* v. *Bradley*, 3 id. 364 ; *Knight* v. *Knight*, 3 Beav. 148, 172, 174 ; 11 Cl. & Fin. 513 ; 2 Pom. Eq. Juris. § 1015 ; *Ex parte Payne*. 2 Y. & C. 636 ; *Lechman* v. *Lave*, 2 M. & K. 197 ; *Phillips* v. *Phillips*, 112 N. Y. 205 ; *Lawrence* v. *Cook*, 104 id. 639 ; *Warner* v. *Bates*, 98 Mass. 277 ; *Malim* v. *Keighley*, 2 Ves. Ch. 532 ; *Williams* v. *Williams*, 1 Sim. [N. S.] 358 ; *McKinley's Appeal*, 13 Penn. St. 253 ; *Erickson* v. *Willard*, 1 N. H. 217 ; *Van Amee* v. *Jackson*, 35 Vt. 173.) The general residuary clause in the first codicil included any property or interest of the testatrix which are not otherwise perfectly disposed of, and all that for any reason eventually falls into the general residue. (*Riker* v. *Cornwell*, 113 N. Y. 115 ; *Cruikshank* v. *Home for Friendless*, Id. 355 ; *In re Bennett*, Id. 524.)

FINCH, J. There was no issue before the surrogate to warrant the admission of the extrinsic parol evidence relating to the circumstances under which the first codicil was executed, and no jurisdiction in that officer to try the question sought to be raised by such evidence. The answer filed to the petition for probate made no question over that probate, and by its silence conceded the due execution of the will by a capable

testatrix, acting freely and without restraint. The issue tendered was that allowed by section 2624 of the Code of Civil Procedure, which permits on the probate of a will the deter mination by the surrogate of " the construction, validity and effect " of any disposition of personal property contained in it. That issue was the only one on trial, and the sole question raised of which the surrogate had jurisdiction was the construction and validity and consequent effect of the first codicil, and that involved merely the inquiry whether the bequest of the residue to Wandell was absolute or in trust, and if in trust, whether it was valid under the law of this state. That question rested upon the terms of the will itself, and had nothing whatever to do with an alleged extrinsic fraud against which equity might relieve in a proper case, and all the evidence pointing to that relief was inadmissible and totally immaterial. The General Term was evidently of that opinion, but, after expressing it, passed to some consideration of the evidence under a seeming impression that this court, in the case of O'Hara (95 N. Y. 403), had indicated a different doctrine. The learned judge, writing the opinion, said : " Upon what theory evidence of this kind is admissible, I cannot comprehend. It is a cardinal principle in the construction of the terms of a will that the intention of the testator must be gathered from the will itself, parol proof being only permissible to show the condition of the estate and the surroundings of the testator ; and that conversations as to the intention, or even written memoranda, cannot be resorted to for the purpose of sustaining a will which is apparently against the provisions of a statute, much less to destroy a will which upon its face is not in contravention of any statute." So far the General Term stated the prevailing rule with substantial accuracy. Its opinion then proceeds thus : " It is true that evidence of this kind was received in The Matter of O'Hara, and that such evidence was commented on and formed the basis of the judgment of the Court of Appeals in the construction of that will." That is a mistake, and one so serious that we ought not to allow it to perpetuate itself, even at the expense of explain-

ing what seems to us to need no explanation. In the *O'Hara* case there was never any question of *construction* at all. None was raised and none considered, and so the parol evidence received was *not* admitted or acted upon "in the *construction* of that will." It came in for a different purpose and upon widely different issues. There were two separate appeals, but heard and argued together. Upon the petition for probate of the will, the contestants filed an answer denying its execution and alleging that it was obtained by undue influence. It contained an absolute bequest to three persons, not of kin to the testatrix, but standing in confidential relations to her. The fact furnished ground for an inference of some improper influence exercised over the testatrix, and, to rebut that inference on the one hand and fortify it on the other, all the extrinsic facts, tending to prove or disprove the undue influence, were admissible in evidence and properly received as bearing on that issue. In the case at bar there was no such issue, and so no such ground or reason for the extrinsic proof offered, and to admit it on an issue of undue influence is very far from holding it competent on a question of construction.

The evidence thus offered in the *O'Hara* case disclosed a secret and illegal trust, to effectuate which the absolute devise and bequest had been made. The contestants thereupon filed a complaint in equity, alleging all the facts, claiming that the devise and bequest in the hands of the legatees was the product of a fraud upon the testatrix, or upon the law, and seeking relief against that fraud. Of course, all the extrinsic facts became again admissible to establish the fraud alleged, and this court relieved against it by impressing a trust *ex maleficio* upon the property in the hands of the devisees and legatees for the benefit of the heirs and next of kin. In so doing, we did consider the parol and extrinsic evidence, but in an action in equity and upon an issue of fraud. And that again is something very far away from holding such evidence admissible in a Surrogate's Court upon a mere question of testamentary construction. Nothing of that sort was involved in the case or decided by it.

In the case at bar, therefore, the extrinsic evidence was not admissible upon the issue of construction, nor to establish a trust *ex maleficio*, which was wholly outside of and beyond the jurisdiction of the surrogate. And so we must come back to the real question involved; whether the will by its terms established any trust, and if so, whether that trust was valid.

We think it very clear that the bequest was absolute to the legatee and not upon any trust at all. The language of the codicil is as follows: " Doubts having arisen as to the validity of the bequests made for charitable purposes in my said will, I hereby modify said will dated February 18, 1889, by making my friend Townsend Wandell my residuary devisee and legatee and hereby request him to carry into effect my wishes. with respect thereto, but this is not to be construed into an absolute direction on my part, but merely my desire." The will had made certain charitable bequests, but sure to fail if, as was probable and as happened, the deceased should not survive for two months after they were made, and that was the basis of the " doubts " expressed in the codicil.

It is very evident that the decedent did not intend to die intestate as to any part of her estate. By her will she devised and bequeathed any residue of her estate to one of the selected charities, and the purpose of the codicil was to carry that residue certainly and absolutely to Wandell, leaving him in that event to deal with the charities as he pleased.

It is true that the expression of a wish or a desire may sometimes serve to found a trust or effect a charge, but such expressions are by no means conclusive. We must still examine the will to discover the testamentary intention. (*Phillips* v. *Phillips*, 112 N. Y. 205.) In the present case the testatrix expressly guards against a mistaken interpretation. She says that the expression of her wish is not to be construed as an absolute direction; by which she evidently means, that while she desires that her residuary legatee shall deal with the charities as she would have been glad to, yet she does not mean to fetter his ownership or qualify his right. She leaves him absolute owner, and free to do as he shall choose. She puts upon him no obli-

gation, legal or equitable, but contents herself with the bare expression of a wish which she hopes will influence his free agency. And so the bequest was absolute, and, therefore, valid on the face of the will. That conclusion disposes of the whole issue raised before the surrogate. It determines the construction of the bequest, declares its validity and consequent legal effect. If there are any extrinsic grounds for impressing a trust *ex maleficio* in favor of heirs or next of kin upon the bequest thus carried to the residuary legatee, it is sufficient to add that an action for such purpose must be brought in equity where the power resides for granting that relief.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.