(5 Misc. Rep. 451.)

### FAIRCHILD et al. v. EDSON et al.

(Supreme Court, Special Term, New York County.  November, 1893.)

1. WILLS—BEQUEST TO EXECUTORS TO DIVIDE AMONG CHARITIES.

A provision in a will that the residue of the estate, not disposed of by the will, "I give and bequeath to my executors, to be divided by them among such incorporated religious, benevolent, and charitable societies of the city of New York, and in such amounts, as shall be fixed or appointed by them, with the approval of my friend H., if living," is valid.

2. SAME—WISHES OF TESTATOR.

Testatrix bequeathed to her executors the amount of all legacies which should lapse, stating in her will that "in the use of the same I am satisfied that they will follow what they believe to be my wishes. I impose upon them, however, no condition; leaving the same to them personally and absolutely, and without limitation or restriction." *Held,* that such bequest was valid, and vested in the executors, absolutely, the amount of the legacies which lapsed.

Action by Charles S. Fairchild and others against Marmont B. Edson and others to obtain an adjudication as to the validity of certain clauses of the will of Mary A. Edson, deceased, as modified by a codicil.   Defendant Marmont B. Edson died after the action was brought, and his executrix, Margaret B. Edson, was substituted as defendant.

Edward M. Shepard and David B. Ogden, for plaintiffs.
Joseph H. Choate, for defendant Margaret B. Edson.
Stephen P. Nash, for various charitable societies.

LAWRENCE, J.   This action is brought by the executors of the last will and testament of Mary A. Edson, deceased, against Marmont B. Edson and others, for the purpose of obtaining an adjudication upon the validity of certain clauses of the will of the decedent, as modified by one of the codicils executed by her.   The will was dated on the 2d of May, 1890; the first codicil, on the 22d day of May, 1890; and the second and third codicils, on the 27th of May, 1890.   The testatrix died on the 29th of May, 1890. The clauses of the will, as modified by the second codicil, which the court is asked to construe, are as follows:

"If, by reason of any error in name or description, a question shall arise as to any beneficiary intended by me to be named, whether in my will or in any codicil, I direct such question to be determined by my ex-

ecutors. If, by reason of want of incorporation, or for any other cause whatsoever, any society or institution named in my will or any codicil shall be unable to take the legacy intended for it, I give and bequeath such legacy, absolutely, to the person who shall be president of such institution or society, if it has a president, and, if not, to the person who shall be i:s treasurer, if it has a treasurer, and, if not, to the person who shall be its chief executive officer, to be by him applied to the uses and purposes of such institution or society. The rest, residue, and remainder of my es-tate, not disposed of by my will or by any codicil, I give and bequeath to my executors, to be divided by them among such incorpo-ated re ig:ous, benevolent, and charitable societies of the city of New York, and in such amounts, as shall be fixed or appointed by them, with the approval of my friend, the Rev. Dr. William R. Huntington, if living. If, for any reason, any legacy or legacies left by my will or by any codicil, either pecuniaiy or residuary, shall lapse or fail, or for any cause not take effect, either in whole or in part, I give and bequeath the amount which shall lapse, fail, or not take effect, absolutely, to the persons named as my execu'ors. In the use of the same, I am satisfied that they will follow what they believe to be my wishes. I impose upon them, however, no condition; leaving the same to them personally and absolutely, and without limitation or restriction."

The plaintiffs claim that the will and codicils are valid in all their parts.

Since the commencement of the trial of this action, but before its final submission, the defendant Marmont B. Edson died, leav-ing a last will and testament, of which the defendant Margaret B. Edson is executrix, and under which the defendants Aldrich and Harrison have been appointed, and are acting, as trustees. Marmont B. Edson, in his answer to the complaint in this ac-tion, claims that the provisions of the will, as modified by the sec-ond codicil above referred to, were void and expressly prohibited by law; and he sets up an additional answer to the complaint,— that, in making and executing the will and codicils, the testatrix, Mary A. Edson, was guided and unduly influenced by Mr. Parsons, her professional adviser. The will was duly admitted to probate by the surrogate of the county of New York, and an appeal was taken from his decree to the general term of this court, where it was held that the mere fact that the attorney who drew a will is named as one of the executors, to whom, individually, the tes-tator's residuary estate is thereby bequeathed, is insufficient to create a presumption against the validity of the legacy on the ground of undue influence, and that it is, at most, a suspicious circumstance, the effect of which may be dissipated and deprived of weight by the facts surrounding the case. See In re Will of Edson, (opinion of Barrett, J.,) 70 Hun, 122, 24 N. Y. Supp. 71. This decision was rendered after the submission of this case to me, and I deem it sufficient to say that there was nothing developed upon the trial before me which would justify the conclusion that the execution of her will and codicils by Miss Edson was produced by any undue influence on the part of her legal adviser. With reference to the legacies which are given to charitable corpora-tions incorporated under the act of 1848, I do not think that the will can be upheld. As to the other corporations, which, by their special charters, are exempt from the operation of the act of 1848, I am of the opinion that the bequests are valid. This point is not

very material, however, if the general residuary clause in the will, as amended by the second codicil, is valid.    I am of the opinion that the first clause of the bequest of the residuary estate, which gives and bequeaths to the testatrix's executors all the rest, residue, and remainder of her estate, to be divided among such incorporated religious, benevolent, and charitable societies of the city of New York, and in such amounts as shall be fixed or appointed by "my friend, the Rev. Dr. William R. Huntington, if living," is valid.    Power v. Cassidy, 79 N. Y. 602.    If I am wrong in this conclusion, I am of the opinion that the whole of said residuary estate passed to the executors of the testatrix absolutely, and without any limitation or restriction.    Upon this point the case entitled In re Will of Keleman, 126 N. Y. 73, 26 N. E. Rep. 968, seems to me to be conclusive.    In that case, the testatrix, by her will, gave legacies to certain charitable institutions, one of which was also made residuary legatee.    A codicil, executed four days after the will, after stating that doubt had arisen as to the validity of said bequest for charitable purposes, modified the will by making one Wandell residuary legatee.    The testatrix requested him to carry into effect her wishes with respect to said charitable bequest; stating, however, that this was not to be construed into an absolute direction on her part, but as merely her desire.    By reason of her death within two months after the execution of the will and codicil, said bequests invalidated.    The probate of the will was not contested, but the next of kin answered, (as in this case,) alleging the invalidity of the charitable bequests; also, that the residuary bequest in the codicil was void, because it was either an evasion of the statute, or a fraud upon the testatrix or next of kin.    It was held that the sole question raised before the surrogate was as to whether the bequest to Wandell was absolute, or in trust, and that it was absolute, and so valid upon its face.    In that case, as in this, it was contended that although the gift, upon its face, was absolute, the testatrix intended to create a trust in favor of the charitable institutions referred to in her will.    The court of appeals (Finch, J., delivering the opinion of the court) said: "The will had made certain charitable bequests, but sure to fail if, as was probable, and as happened, the deceased should not survive for two months after they were made, and that was the basis of the doubts expressed in the codicil."

In this case the will was dated the 2d of May, 1890; the first codicil, on the 22d day of May, 1890; and the second and third codicils, on the 27th day of May, 1890.    Miss Edison died on the 29th of May, 1890; and it was evident, therefore, that, as to such of the charitable institutions to which bequests were made which were incorporated under the act of 1848, the legatees might be unable to take.    The testatrix did, therefore, in this case, as the testatrix did in the Keleman Case; and, adopting the language of the court of appeals in that case, I may say "that it is very evident that the decedent did not intend to die intestate as to any part of her estate.    By her will, she devised and bequeathed any

residue of her estate to one of the selected charities, and the purpose of the codicil was to carry that residue certainly and absolutely to her [Wandell] residuary legatee, leaving him, in that event, to deal with the charities as he pleased." I can discover no difference in fact or in principle between that case and this, or in the phraseology employed in the two wills; and I am therefore of the opinion that the affirmative defense alleged by the defendant Marmont B. Edson, in his answer, and adopted by his present representative, must fail, and that the plaintiffs are entitled to judgment construing the will of Mary A. Edson in accordance with the views in this opinion expressed. Draw findings accordingly.