In re WHEELER.

Appeal of MISSIONARY SOC. OF METHODIST EPISCOPAL CHURCH.

(Supreme Court, Appellate Division, Third Department. July 6, 1898.)

1. WILLS—BEQUEST—UNCERTAINTY OF LEGATEE.
    A testatrix devised the residue of her estate to the "Home Missionary Society," saying, "I mean the Methodist Home Missionary Society." Evidence showed that an unincorporated "Home Missionary Society" was connected with the church testatrix attended, and that there was an incorporated association, known as the "Missionary Society of the Methodist Episcopal Church," and that testatrix's declarations showed she intended the former society. *Held*, that, since that society was incapable of taking, a decree avoiding the bequest for uncertainty of the legatee was proper.

2. SAME—DETERMINATION BY SURROGATE.
    Code Civ. Proc. § 2617, provides that any person, though not cited, interested in sustaining or defeating a will, may appear and support or oppose its probate, and that a party so appearing becomes a party to the proceeding. Section 2624 provides that if a party puts in issue before the surrogate the validity or effect of any disposition of personal property in the will of a resident of this state, executed within this state, the surrogate must determine the question upon rendering a decree, unless he refuses to admit the will to probate. *Held*, that where a person voluntarily appeared before the surrogate, and asked to be adjudged the beneficiary under a will of both real and personal property, he thereby made a determination of his identity necessary, and a determination of that question was an adjudication binding on him.

3. SAME—DECLARATIONS OF TESTATOR.
    Where evidence of a claimant under a will raises a latent ambiguity in the name of the beneficiary, evidence of the testator's declarations as to who was intended, if consistent with the name in the will, is admissible.

Appeal from surrogate's court, Saratoga county.

Proceeding for the probate of the will of Sarah D. Wheeler, deceased, in which the Missionary Society of the Methodist Episcopal Church appeared, and asked to be adjudged the beneficiary under the tenth clause of the will. From a decree admitting the will to probate, and avoiding said clause for uncertainty of the legatee, the society appeals. Affirmed.

The appellant was incorporated by chapter 136, Laws 1839, which declares: "The object of said corporation is to diffuse more generally the blessings of education, civilization and Christianity throughout the United States." It uses its funds in both home and foreign missions, and is an important agency of the churches and membership of the Methodist Episcopal Church in carrying on such missionary work. The testatrix was a maiden lady upwards of 70 years of age. She resided upon a farm in the town of Greenfield, Saratoga county, nearly all her life, spending her winters in Saratoga Springs, until six or seven years before her death, when she received an injury, and thereafter she remained upon her farm. She executed the will in question in November, 1894, and died about a month later. In December, 1886, she executed a will, which contained the same provision as the tenth clause of the present will. Her nearest of kin are remote collateral relatives. Apart from her declarations discussed in the opinion, considerable testimony was given tending to show her interest in the Methodist Episcopal Churches in the town of Greenfield, and in the Free Methodist Church of Saratoga Springs. The surrogate found "that there was for ten or twelve years last past a society, unincorporated, known in common parlance as the 'Home Missionary Society,' connected with the Free Methodist Church of Saratoga Springs." This finding was made in July, 1897, about ten years and seven months after the·

date of the testatrix's first will. But for the declarations of the testatrix, it is quite possible that the surrogate would have been justified in deciding in favor of the appellant, and therefore the details of the evidence are omitted.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Charles S. Lester, for appellant.

J. W. Houghton, Edwin Countryman, and Seward A. Simons, for respondents.

LANDON, J. The will of the testatrix, after various devises and bequests, contains the following:

"Tenth. I give, devise, and bequeath to the Home Missionary Society all the residue and remainder of my said estate, excepting my household furniture and wearing apparel, to have and to hold the same, to the said Home Missionary Society and their respective successors. I mean the Methodist Home Missionary Society."

The appellant, the Missionary Society of the Methodist Episcopal Church, although not cited, voluntarily appeared before the surrogate upon the proceedings for the probate of the will, pursuant to section 2617 of the Code, and alleged itself to be the beneficiary named in the tenth clause, and asked to have the surrogate so find. The executor and other parties to the proceeding denied such allegation, and put in issue the tenth clause, alleging it to be invalid because the legatee therein named does not exist. The will relates to both real and personal estate. Section 2624 of the Code provides that, "if a party expressly puts in issue, before the surrogate, the validity, construction, or effect of any disposition of personal property contained in a will of a resident of the state, executed within the state, the surrogate must determine the question upon rendering the decree, unless the decree refuses to admit the will to probate," etc. The surrogate assumed jurisdiction to pass upon the validity of the tenth clause, and, after the testimony was closed, which, among other things, bore upon the question of the identity of the appellant as the beneficiary named in the tenth clause, admitted the will to probate, and also adjudged that in and by said tenth clause the testatrix did not intend to make, and did not make, any devise or bequest to the appellant, the Missionary Society of the Methodist Episcopal Church, and that said devise and bequest fails for uncertainty of the legatee, "the legatee therein named having been legally incapable of taking because the legatee therein named does not exist."

As the Missionary Society of the Methodist Episcopal Church is the sole appellant, and as in appearing before the surrogate, and asking to be adjudged to be the beneficiary named in the tenth clause, it thereby submitted to the jurisdiction of the surrogate, and made it necessary for him to determine its identity as incident to recognizing it and its right to appear and participate in the proceeding, and as the respondents tendered the issue that the tenth clause had no effect in favor of the appellant, the part of the decree appealed from is an adjudication that the appellant takes nothing under the tenth clause of the will, and thus determines the effect and validity of that clause, so far, at least, as it affects personal property, as between the appel-

lant and the other parties to the decree.    Code Civ. Proc. §§ 2617, 2624; In re Vowers, 113 N. Y. 569, 21 N. E. 690.

If chapter 701 of the Laws of 1893, which provides that "no gift, grant, bequest, or devise to religious, educational, charitable, or benevolent uses, which shall, in other respects be valid under the laws of this state, shall, or be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same," has any relevancy, it is not perceived that it has it with respect to the appellant, which is a corporation authorized to take such a devise and bequest, and is a body neither indefinite nor uncertain as to its corporate personality, or the persons composing its membership.    If it should show itself to be the beneficiary designated in the tenth clause, it would not need this statute to enable it to obtain the devise and bequest.    If it were an unincorporated society, it might then be a pertinent inquiry whether its members were embraced within "the indefiniteness or uncertainty of the persons" mentioned in the statute.

We have examined the evidence adduced before the surrogate touching the question of the appellant's identity as the object of the testatrix's bounty.    Our conclusion is that the surrogate's finding in that respect should be upheld, unless the testimony of Pauline Ross and similar testimony given by others over the appellant's objection was improperly admitted.    Pauline Ross testified that the testatrix, about the time she made this will, in speaking of what she intended to do with her property, said that "she had remembered the Free Methodist Church of Saratoga Springs and the Home Missionary Society of the Free Methodist Church of Saratoga Springs in her will."    Other witnesses testified to similar declarations of the testatrix, the appellant's objection being overruled.

We think this evidence was admissible.    Upon the face of the tenth clause, there is no ambiguity.    There is no difficulty in interpreting it.    It is a plain devise and bequest of the residue of the testatrix's estate to the beneficiary therein named.    The difficulty arises because the appellant comes into court and alleges that it is the beneficiary therein named, and the other parties in interest deny it.    No party is known or appeared or was cited bearing the identical name mentioned in the tenth clause, and the evidence objected to, and also other evidence, was given tending to show that possibly the unincorporated Home Missionary Society of the Free Methodist Church of Saratoga Springs was the beneficiary intended by the testatrix.    Thus, a latent ambiguity was developed which could not be solved except by recourse to extrinsic evidence.    And such recourse was proper.    Lefevre v. Lefevre, 59 N. Y. 440.

The appellant assents to this proposition, but urges that such recourse must be limited to facts which show to the court the situation and standpoint of the testatrix, and does not admit of her declarations expressive of her intention.    If the question were upon the construction of a dispositive provision in her will, the appellant's contention should prevail; otherwise the written will might yield to her unwritten declarations.    In re Keleman, 126 N. Y. 73, 26 N. E. 968; Williams v. Freeman, 83 N. Y. 569; Kelly v. Kelly, 61 N. Y. 51; White

v. Hicks, 33 N. Y. 383.   But where the question is, whom has the-
testatrix named? and the claimant has, by extrinsic evidence, brought
that question to depend upon whom she intended to name, then it is
manifest that her declaration of her intention, if consistent with the
name in the will, is light itself from the very source of intention, and.
is therefore admissible.   The strength or clearness of that light will,.
of course, be affected by the circumstances accompanying the decla-
ration.   If we can infer her intention from her acts, and thus reach-
it by indirection, clearly we may gather it from her act of speech
which directly expresses it.   And so, we think, are the authorities,.
although it may be admitted that, if they were more explicit, it
would not be necessary to discuss the principle upon which the admis--
sibility rests.   Mann v. Mann's Ex'rs, 1 Johns. Ch. 231;  Doe v. Roe,.
1 Wend. 541;  Ryerss v. Wheeler, 22 Wend. 148;  Trustees v. Colgrove,.
4 Hun, 362;  Tillotson v. Race, 22 N. Y. 122;  St. Luke's Home v. Asso-
ciation for Indigent Females, 52 N. Y. 200;  Ex parte Hornby, 2 Bradf.
(Sur.) 420.   Moreover, it is not quite accurate to say that we are-
construing a will or interpreting its terms when the single question
before us is whether the claimant has established his identity with
the beneficiary named in it.   The appellant thus raises a question
which, if recourse be had only to the will itself, must be settled against
it, for its name, and the name used in the will, are not found to be
identical upon strict comparison.   But there is some resemblance be-
tween the names, and it may be true that the testatrix thus named
the claimant, and, if we can be sure that she intended to name it in
using the name in the will, we ought so to hold, since thus effect will
be given to her intention as expressed in the will itself.   And since
we are seeking to dispel a latent ambiguity lurking in the name of
the beneficiary, if she herself has declared whom she thereby named,
why should we not accept that declaration to the extent that we be-
lieve it to be true?   The rule of exclusion of oral declarations of the-
testator's intentions in the case of the construction of the dispositive
provisions of the will rests upon the sound basis that, as the will must
be in writing, the writing must declare the intention;  otherwise an
oral will might replace the written one.   But, in case of an equivoca-
tion in writing the name of the beneficiary, the fact is that the testa-
tor has written the name explicitly enough, according to his under-
standing of it, but, as we are not possessed of his exact understand--
ing, we fail to recognize the person thus named.   If, now, we accept
the testator's oral designation of the person named, we do not replace-
the beneficiary written in the will by another not written therein, but
we now read the written name in the light of the testator's identifica-
tion of the person thus named.   In the language of Mr. Croswell, in
his note to section 291 of Greenleaf on Evidence (14th Ed.):  "It is not
easy, however, to perceive why extrinsic evidence of the testator's
declared intentions of beneficence towards an individual is not as ad--
missible as evidence as that he used to speak of him or address him
as his son or godson or adopted child."   Mr. Surrogate Bradford in
Ex parte Hornby, supra, said:  "The distinction that permits evidence·
of facts, but not of declarations, acts, and statements of the testator,
is sustained in the English cases,    *    *    *    but I am not aware that

it has been adopted as the law of this state." If this view is correct, the appellant has no interest in the allowance of costs made by the surrogate to the guardians ad litem of infant parties, and we do not consider it.

Decree of the surrogate affirmed, with costs.　All concur.