Matter of the Judicial Settlement of the Accounts of the Executor of DANIEL MULLEN, Deceased.

(Surrogate's Court, New York County, November, 1898.)

Bequest —A gift to the sister superior of a Home, who shall be in charge at the time of the testator's death, is valid—Identification of legatee.

An alternative bequest, following one to a Home for the Aged which failed because the testator died within two months after the execution of his will, of the same property unto the sister superior or reverend mother who shall, at the time of the death of the testator, be in charge of said Home is, on its face, a valid absolute bequest to the sister superior or reverend mother who is in charge at the time of the testator's death, and when she is duly identified as such, she takes absolutely.

Surrogate's court —The issue, that a bequest is intended to evade chapter 319, laws of 1848, cannot be tried in such a court.

The contention, that the bequest is really intended for the Home and is an evasion of the statute (Laws of 1848, chap. 319), cannot be tried in a Surrogate's Court, but may be raised in equity by the next of kin.

PROCEEDINGS upon judicial settlement of the accounts of executors.

Charles H. Otis, for accountant, petitioner.

Charles E. Miller, for legatee in question.

Sanford & Sanford, for legatees, opposed.

Surrogate's Court, New York County, November, 1898.     [Vol. 25.

ARNOLD, S.   The decedent died September 1, 1894, within two months after the execution of his will, consequently, by force of the statute (Laws of 1848, chap. 319), the devise to St. Joseph's Home for the Aged is invalid, the institution in question having been incorporated under and pursuant to that act.   The testator, however, by a subsequent clause of his will, provides that if the said bequest to St. Joseph's Home should for any reason be invalid, then and in that case, he gives, devises and bequeaths unto the sister superior or reverend mother, who shall at the time of his death be in charge of the St. Joseph's Home for the Aged, all the property he had attempted to bequeath to said home.   In order to sustain a trust the beneficiary need not be described by name; any other designation or description by which he can be identified will suffice; nor is it an objection that the trust is for the benefit of one who shall for the time being perform certain duties and that the beneficiaries may change.   It is not material to the validity of a legacy that the legatee should be definitely ascertained and known at the date of the will, or at the death of the testator.   It is sufficient if he is so described that he can be ascertained and known when the right to receive the legacy accrues.   Holmes v. Mead, 52 N. Y. 332; Power v. Cassidy, 79 id. 610; Shipman v. Rollins, 98 id. 328; Tilden v. Green, 130 id. 72.   It is in evidence here that Mary Rose Dolan, who now claims the bequest, was the sister superior and reverend mother in charge of the St. Joseph's Home at the time of the testator's death.   The bequest is an absolute one upon its face, not coupled with any trust, not limited or directed to be applied to any charitable use, or to any use other than that of the legatee named. It is claimed by the next of kin of the testator on the issue now presented under section 2624 of the Code of Civil Procedure, for the determination of the surrogate as to the construction, validity and effect of the dispositions of personal property, by the testator in his will, above referred to, that the alternative bequest to the person in charge of the "Home" at the time of his death was intended to be and was in effect a devise for the benefit of the institution, and to be applied to the purposes for which it was incorporated, and is an evasion of the statute.   Nothing appears upon the face of the will to indicate any such intention, or showing any such evasion.   No evidence was offered to show that such bequest was other than what it appears to be, absolute and unconditional, and if such evidence had been offered it would have been inadmissible, the Surrogate's Court having no jurisdiction to try the issue which might thus be

raised, although an action might be brought in equity for that purpose in favor of the next of kin. Matter of Keleman, 126 N. Y. 73; Fairchild v. Edson, 154 id. 213. The identity of the person intended to be benefited by and entitled to the alternative bequest having been established, the decree to be entered upon the settlement of the executor's account should contain provision for the payment of the same to her, and no other questions being presented for adjudication, and no objection being made to the correctness of the account as filed, decree may be presented.

Decreed accordingly.