(25 Misc. Rep. 253.)

### In re MULLEN'S EX'R.

(Surrogate's Court, New York County.   November, 1898.)

1. WILLS—LEGACY—CONSTRUCTION.
    Where a will devised a legacy to St. Joseph's Home, and, if such devise should be invalid, then to the sister superior in charge of the home at the testator's death, and the devise to the home failed under Laws 1848, c. 319, because the testator died within two months after the execution of the will, the sister superior identified as such at the testator's death takes absolutely, and not for the benefit of the home.

2. SURROGATE'S COURT—JURISDICTION.
    Where a testator devised a legacy to St. Joseph's Home, and provided that if the bequest failed then to the sister superior in charge at the testator's death, the surrogate's court has no jurisdiction to try an issue that such bequest was void as an attempted evasion of Laws 1848, c. 319, making a bequest to a charitable institution void if the testator died within two months after executing the will.

In the matter of the judicial settlement of the accounts of the executor of Daniel Mullen, deceased.

Charles H. Otis, for petitioner.
Charles E. Miller, for legatee in question.
Sanford & Sanford, for legatees opposed.

ARNOLD, S.   The decedent died September 1, 1894, within two months after the execution of his will.   Consequently, by force of the statute (Laws 1848, c. 319), the devise to St. Joseph's Home for the Aged is invalid, the institution in question having been incorporated under and pursuant to that act.   The testator, however, by a subsequent clause of his will, provides that, if the said bequest to St. Joseph's Home should for any reason be invalid, then and in that case he gives, devises, and bequeaths unto the sister superior or reverend mother who shall at the time of his death be in charge of the St. Joseph's Home for the Aged all the property he had attempted to bequeath to said home.   In order to sustain a trust the beneficiary need not be described by name; any other designation or description by which he can be identified will suffice.   Nor is it an objection that the trust is for the benefit of one who shall for the time being perform certain duties, and that the beneficiaries may change.   It is not material to the validity of a legacy that the legatee should be definitely ascertained and known at the date of the will, or at the death of the testator.   It is sufficient if he is so described that he can be ascertained and known when the right to receive the legacy accrues.   Holmes v. Mead, 52 N. Y. 332;  Power v. Cassidy, 79 N. Y. 610;  Shipman v. Rollins, 98 N. Y. 328;  Tilden v. Green, 130 N. Y. 72, 28 N. E. 880.   It is in evidence here that Mary Rose Dolan, who now claims the bequest, was the sister superior and reverend mother in charge of the St. Joseph's Home at the time of the testator's death.   The bequest is an absolute one upon its face, not coupled with any trust, not limited or directed to be applied to any charitable use or to any use other than that of the legatee named. It is claimed by the next of kin of the testator, on the issue now presented under section 2624 of the Code of Civil Procedure, for the determination of the surrogate as to the construction, validity, and effect

of the dispositions of personal property by the testator in his will, above referred to, that the alternative bequest to the person in charge of the "Home" at the time of his death was intended to be, and was in effect, a devise for the benefit of the institution, and to be applied to the purposes for which it was incorporated, and is an evasion of the statute. Nothing appears upon the face of the will to indicate any such intention, or showing any such evasion. No evidence was offered to show that such bequest was other than what it appears to be, absolute and unconditional; and if such evidence had been offered it would have been inadmissible, the surrogate's court having no jurisdiction to try the issue which might thus be raised, although an action might be brought in equity for that purpose in favor of the next of kin. In re Keleman, 126 N. Y. 73, 26 N. E. 968; Fairchild v. Edson, 154 N. Y. 213, 48 N. E. 541. The identity of the person intended to be benefited by and entitled to the alternative bequest having been established, the decree to be entered upon the settlement of the executor's account should contain a provision for the payment of the same to her, and, no other questions being presented for adjudication, and no objection being made to the correctness of the account as filed, decree may be presented. Decreed accordingly.