## In re CLARK'S ESTATE.

(Surrogate's Court, Monroe County. October 13, 1911.)

WILLS (§ 14*)—CONSTRUCTION—"GIFT TO CORPORATION."

A testamentary gift to the trustees of a charitable institution incorporated under Laws 1848, c. 319, is a gift to the corporation, within Decedent Estate Law (Consol. Laws 1909, c. 13) § 19, prohibiting any gift to a corporation formed under the laws of 1848 not executed at least two months

before the death of testator, where it appears on the face of the will that testator was intending a charitable gift in the name of the trustees for the benefit of the corporation, and the gift is invalid because of the death of testator two days after the execution of the will and the estate passes to his next of kin.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 35; Dec. Dig. § 14.*]

In the matter of the estate of Edward L. Clark, deceased. On accounting by the executor. Decree ordered.

J. Warrant Castleman, for Executor.

Frederick W. Oliver, for Fannie Utley and Agnes Gibbs.

Myron T. Bly, for Door of Hope Association.

Leonard S. Bacon, for Alexander M. Lindsay, John F. Alden, J. Herbert Grant, Charles J. Brown, George B. Watkins, George D. B. Bonbright, Henry S. Bacon, Rochester Home for the Friendless, and its trustees.

Eugene C. Denton, for the People's Rescue Mission and its trustees.

BROWN, S. Upon the accounting of the executor the only contesting issue remaining for the court is the determination of the passing of two-eighths of the residuary estate of the deceased under his last will and testament. The residuary clause in said will reads as follows:

"Seventh: All the rest, residue and remainder of my property, both real and personal, I direct my executor to divide so far as practical into eight equal parts and to pay: Two-eighths thereof to the trustees of the Door of Hope of the City of Rochester, New York, two-eighths thereof to the trustees of the institution now or lately known as the Home for the Friendless of Rochester, New York. One-eighth thereof to the trustees of the Rescue Mission of Rochester, N. Y., having its office on Front street in said city. One-eighth to the school commissioners of the city of Rochester who shall be holding office at the time of my death, in trust to expend the same toward the establishment of a social center at number twenty-four school in the city of Rochester, New York, for the use of the patrons of the school. Two-eighths thereof to such incorporated body or bodies under or within the Presbyterian denomination as my executor may determine for the support of foreign missions."

It appears that the decedent, Edward L. Clark, left him surviving no widow or any lineal descendants, and leaving no brothers or sisters, nephews or nieces; that his last will and testament was made two days before he died; that the Rochester Home for the Friendless, named in the residuary clause of the will, is a charitable institution, and was incorporated under chapter 319 of the Laws of 1848; that the next of kin of the decedent are cousins, of whom George R. Clark, now deceased, was one; that the said George R. Clark survived the said Edward L. Clark; and that Agnes Gibbs was duly appointed administratrix of the estate of said George R. Clark, deceased. Agnes Gibbs, said administratrix, claims that she and the other next of kin are entitled to take the amount of the bequest mentioned in the residuary clause as given to the trustees of the Rochester Home for the Friendless, on the ground that the legacy falls within the pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hibition of Decedent Estate Law (Consol. Laws 1909, c. 13) § 19. Said section reads as follows:

"Devise or Bequest to Certain Benevolent, Charitable and Scientific Corporations. No person leaving a wife or child or parent shall devise or bequeath to any association or corporation formed under the Laws of 1848, chapter 319, more than one-half of his or her estate after the payment of his or her debts, and such devise or bequest shall be valid to the extent of such one half, and no such devise or bequest shall be valid in any will which shall not have been made and executed at least two months before the death of the testator."

The attorney for the trustees of the Rochester Home for the Friendless takes the position that said gift is not to the corporation, but to the trustees of said corporation individually, living at the time of the death of the testator.

The first question for consideration is: What was the intention of the testator when he made his will? To give this two-eighths of his residuary estate to and for the use and benefit of the Rochester Home for the Friendless, or individually to the persons who might be the trustees of said corporation at the time of his death? We find that he made another gift to the trustees of another corporation, the Rescue Mission of the city of Rochester. If he intended individual gifts to the trustees of the Home for the Friendless, then he must be held to have intended individual gifts to the trustees of the Rescue Mission. Now, if reason and common sense be applied to the words used in this will, it is very clear that the testator intended these gifts to be to the corporations to whose trustees he directed the gifts to pass. It appears on the face of the will that the testator was intending charitable and benevolent gifts, and such gifts, given in the name of the trustees of a charitable or benevolent corporation, presumably were intended for the corporation, and not for the trustees individually. This is the view of the court on the question of fact as to the meaning of the testator as shown on the face of his will.

The Court of Appeals has held, in the case of New York Institution for the Blind v. How, 10 N. Y. 84, that a bequest to the trustees of an institution was a bequest to the institution itself. Following New York African Soc. v. Varick, 13 Johns. 38, Bailey v. Onondaga County Mut. Ins. Co., 6 Hill, 476, 41 Am. Dec. 759, and Newport Mechanics' Mfg. Co. v. Starbird, 10 N. H. 123, 34 Am. Dec. 145. And it was none the less so because those having charge of it are called managers in the charter. They are still trustees, and known in the law under that name. Opinion of Judge Parker, page 91 of 10 N. Y.

It appears to the court that the case at bar comes squarely under this decision. The strongest case in opposition, cited by counsel for the trustees of the Home for the Friendless, is Matter of Keleman, 126 N. Y. 73, 26 N. E. 968. In this case the testator attempted to give to a charitable or benevolent institution a legacy, and then in a codicil stated:

"Doubts having arisen as to the validity of the bequest made for charitable purposes in my said will, I hereby modify said will dated February 18th, 1889, by making my friend Townsend Wandell my residuary devisee and

legatee, and hereby request him to carry into effect my wishes with respect thereto, but this is not to be construed as an absolute direction on my part, but merely my desire."

Of course, with such language as this, the testator having died within the 60 days, the court held that the alternate bequest was a personal bequest. The intent of the testator was shown on the face of the will. No such provision appears in the will before us.

In Matter of Mullen, 25 Misc. Rep. 253, 55 N. Y. Supp. 432, Surrogate Arnold, of New York county, held that a gift was personal to the Sister Superior of St. Joseph's Home for the Aged. In this case the testator made his will giving a devise to St. Joseph's Home. By a subsequent clause in his will he provided that, if said bequest should for any reason be invalid, then and in that case he gave, devised, and bequeathed unto the Sister Superior or Reverend Mother who shall at the time of his death be in charge of St. Joseph's Home for the Aged all the property he had attempted to bequeath to said Home. Here the intent of the testator plainly appeared, if the first gift to the corporation was not valid, that it should then pass to the person who might be the Sister Superior, and it appeared conclusively that he was attempting to provide for the passing of the property to an individual in case the corporation could not take. No such provision appears in the will of Mr. Clark.

We are accordingly irresistibly drawn to the conclusion, from the words of the will, the reasonable intent to be drawn from those words, and the law as laid down in the case of New York Institution of the Blind v. How, that the gift to the trustees of the Home for the Friendless, mentioned in the residuary clause of the will, was a gift to the corporation, the Home for the Friendless, of Rochester, N. Y.; that said gift falls under the prohibition of Decedent Estate Law, § 19, and is invalid, because of the death of the testator within 60 days after the execution of said will, to wit, 2 days after the execution thereof; and that said legacy, comprising two-eighths of the residue of said estate, passes to the next of kin of said testator as personal property of the testator undisposed of by his will.

Let findings be prepared in accordance with the terms of this decision, and decree entered thereupon in the decree of judicial settlement, without costs to either party as against the other; said findings and decree to be settled on five days' notice or personal appearance of the parties in open court.