ALBERT F. BACON & others, executors, & others *vs.*
CHANDLER R. RANSOM, executor, & others.

Suffolk. March 18. — 19, 1885. W. ALLEN, COLBURN, & HOLMES, JJ.,
absent.

After a bequest in trust to A. and B., to be by them expended in securing the passage of laws granting women the right to vote, had been decreed void as not being a charity, a daughter of the testator bequeathed the residue of her estate (being about the amount she had received from her father's estate) to A. and B. "as their absolute property;" and added: "I request said A. and B. to use said fund thus given to further what is called the Woman's Rights Cause. But neither of them is under any legal responsibility to any one or any court to do so." *Held,* that the bequest was valid, and did not create a trust.

BILL IN EQUITY by the executors of the will of Lizzie F. Bacon, and certain legatees thereunder, against the executor of the will of Eliza F. Eddy, Lucy Stone, wife of H. B. Blackwell, Susan B. Anthony, and other legatees thereunder, and the Attorney General, to compel the executor of said Eddy's will to pay over to the plaintiffs the residue of her estate. The bill alleged the following facts :

Francis Jackson, the father of said Eliza F. Eddy, died in 1861, leaving a will, by the sixth article of which he gave $5000 to Wendell Phillips, Lucy Stone Blackwell, and Susan B. Anthony, in trust, " to be expended by them without any responsibility to any one, at their discretion, in such sums, at such times, and in such places as they may deem fit, to secure the passage of laws granting women, whether married or unmarried, the right to vote, to hold office, to hold, manage, and devise property, and all other civil rights enjoyed by men ; and for the preparation and circulation of books, the delivery of lectures, and such other means as they may judge best." By the eighth article he gave one third of the residue to a trustee, to pay the income to his daughter, Eliza F. Eddy, during her life, and upon her death one half of the income to the trustees and on the trusts named in the sixth article, and the other half to Mrs. Eddy's daughter, Mrs. Lizzie F. Bacon, during her life, and, on the death of Mrs. Bacon, the principal to the trustees and on the trusts named in the sixth article.

It was held by this court that these bequests were not a charity. See *Jackson* v. *Phillips*, 14 Allen, 539.

In consequence of this decision, certain agreements, releases, and a partition were made, by which one third of the residue of Mr. Jackson's estate became the property of Mrs. Eddy, subject to being held in trust for herself for life, and thereafter, as to one half, for her daughter, Mrs. Bacon, during her life. Mrs. Eddy died, December 29, 1881, leaving a will by which she gave absolute legacies to the amount of $24,500 to various persons therein named. This disposed of all her estate except what came to her from her father's estate. Her will then provided as follows:

" What is left after paying the above legacies I direct shall be divided into two equal portions; one of said portions I leave to Miss Susan B. Anthony, of Rochester, in the State of New York, as her absolute property, and the other portion I leave to Lucy Stone, wife of H. B. Blackwell, as her own absolute and separate property, free from any control of him. I request said Susan and Lucy to use said fund thus given to further what is called the Woman's Rights Cause. But neither of them is under any legal responsibility to any one or any court to do so."

The bill further alleged that this residue was substantially the estate received from Francis Jackson; that the will was intended by the testatrix to defeat the decision of this court, before mentioned; that the testatrix had no personal acquaintance with Lucy Stone or Susan B. Anthony; that said gift was intended as a gift *in perpetuam* to the said cause, and was, without limit of time, upon trust in favor of said cause; and that said cause was not a charity within the meaning of the law, and was null and void.

The defendants demurred to the bill for want of equity. The case was heard by *C. Allen*, J., on the bill and demurrer, and a decree was entered sustaining the demurrer, and dismissing the bill. The plaintiffs appealed to the full court.

*R. M. Morse, Jr. & S. J. Elder*, for the plaintiffs.

*B. F. Butler & F. L. Washburn*, for the defendants, were not called upon.

DEVENS, J. The fact that the respective portions of the estate bequeathed by Mrs. Eddy to Mrs. Stone and Miss

Anthony were in amount equal to or precisely the same as those which came to her by descent from her father, Francis Jackson, is not of importance in the case at bar. It had been held in *Jackson* v. *Phillips*, 14 Allen, 539, that a certain bequest made by Mr. Jackson in trust was not, legally speaking, a public charity, and that it could not therefore pass to the beneficiaries named in his will. The property which he thus attempted to bequeath descended therefore to his legal representatives, of whom Mrs. Eddy was one. She received it with the same right to deal with it or dispose of it in her lifetime, or by will at her decease, that she had in any other estate which was her lawful property.

The bill alleges " that said will was intended by the testatrix to defeat the decision of the court, before mentioned; that the testatrix had no personal acquaintance with Lucy Stone or Susan B. Anthony; that said gift was intended as a gift *in perpetuam* to the said cause." But if Mrs. Eddy has complied with the rules of law in the disposition of her property, even if she has hoped thereby to attain the same object as that desired by her father, the decision referred to is not defeated, but is recognized and conformed to; and, whatever her intention may have been, her bequest is to be upheld.

Her gift to her beneficiaries is absolute in terms. They may do what they will with the property bequeathed to them, as they may with any other property which is lawfully their own. It is true that the gift is accompanied by a request that they will use the fund bequeathed " to further what is called the Woman's Rights Cause." A request made by one who has the right to direct is often, perhaps generally, interpreted as a command. For this reason, recommendatory or precatory words used in a bequest are frequently treated as an express direction. Thus if a legacy were given to A. with a request that out of the sum bequeathed he would pay to another a certain sum, or a portion thereof, it might well be construed as a legacy, to the amount named, to such person. The expression of the desire of the testator would be the expression of his will, and the words in form recommendatory would be held to be mandatory and imperative. Where such words are used, it is therefore a question of the fair construction to be attributed to them. *Whipple*

v. *Adams*, 1 Met. 444. *Warner* v. *Bates*, 98 Mass. 274. *Spooner* v. *Lovejoy*, 108 Mass. 529.

But the testatrix in the case at bar has left nothing to construction. Apparently aware that a request, where she had a right to direct, might be treated as a command, and desirous to make it entirely clear that no restraint or duty in any legal sense was imposed upon her legatees, and that the request of the will was such in the limited sense of the word only, and in no respect mandatory, she adds thereto, referring to the legatees, " But neither of them is under any legal responsibility to any one or to any court to do so." Each of the legatees is therefore the sole judge of whether she will follow, or how far or in what way she will follow, the suggestion of the testatrix in the disposition of the estate absolutely bequeathed to her. It is a matter in which she is to be guided only by her judgment and conscience, and no trust is imposed upon the property she receives.

As no trust is created, it would be superfluous to consider whether, if the request of the testatrix were treated as a command, one would then be indicated capable of enforcement according to the rules of law. *Bill dismissed.*