Sale v. Thornberry.

CASE 40—PETITION EQUITY—October 20.

## Sale v. Thornberry.

APPEAL FROM LOUISVILLE CHANCERY COURT.

CONSTRUCTION OF DEVISE—TRUSTS.—A testator devised real estate to his widow in fee-simple, adding these words: "I only make this request of her, and only as a request, for I feel that her own kind heart and good judgment will prompt her to do so without, viz: That in the event she should marry again she will see that the interests of our children in said property are protected." *Held*—That the widow takes an absolute estate in the land, and does not hold it in trust for herself and children. If the extent of the interest of the children had been fixed by the provisions of the will, a trust might arise for their benefit.

JAMES S. PIRTLE FOR APPELLANT.

A devise in fee-simple, coupled with a request that the devisee shall "see that the interests of our children are protected," raises a trust in favor of the children. (Bohon v. Barrett, 79 Ky., 378.)

G. A. WINSTON FOR APPELLEE.

The words of the will do not create a precatory trust of such definite and certain character as to authorize its enforcement in favor of the children.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

John J. Thornberry, of the city of Louisville, departed this life some years since, leaving a last will and testament, and his widow and two children surviving him. After making certain specific devises to his children, he devised all the balance of his estate to his wife in the following manner:

"All the rest and residue of my estate, both real, personal and mixed, I give and bequeath unto my beloved wife Lutie Thornberry, in her own right *in fee-simple*. I only make this request of her, and

only as a request, for I feel that her own kind heart and good judgment will prompt her to do so without, viz: That in the event she should marry again she will see that the interests of our children in said property are protected."

The devisor at the time of his death was somewhat involved in debt, and left nothing but real estate, the income of which was not sufficient to maintain his wife and children. The appellee, Mrs. Thornberry, still remains his widow, and the two children are now living and parties to this appeal. After the death of her husband, the widow, with a view of economizing her means and to provide for her children, sold some of the real estate that she might invest the proceeds in other property more suitable to her condition and pecuniary necessities. The testator owned some land in Jefferson county, the subject of this controversy, that his widow sold by title bond to the appellant, Clarence Sale, who declined to comply with his contract on the ground that, by the terms of the will of the testator, the testator's two infant children have an interest in the realty sold him by the widow.

The question is raised by counsel for the appellant (the purchaser), that by the sixth clause of the will already set forth, the wife does not take a fee-simple estate in the land, but holds it in trust for herself and children.

If the request made of the wife in this case is to be regarded as a command, there would be but little doubt left as to the intention of the testator; or if the extent of the interest of the children had been fixed by the provisions of the will, a trust might arise for their ben-

efit. If the testator had said : In the event of your marriage I request that you convey to our children two-thirds of the estate, the chancellor, looking to the entire contents of the will, would necessarily adjudge that the plain intention of the testator was to vest his children with an interest upon the marriage of his widow. The testator was a lawyer, and in such a pecuniary condition at his death as required some disposition to be made of his property, or a part of it, and a change from the then mode of living by his family to one less expensive. He knew the wants of his family, and in this condition, having the greatest confidence in his wife, and knowing her affection for their offspring, vested in her the fee-simple title, with the request simply that, as owner of the property, she would, if she ever married, look to the interests of the children. He knew not only the wants of his family, but the meaning to be attached to the words *fee-simple and in her own right*, and used this expressive language so as to leave no doubt as to his intention, and that was to vest in his wife the absolute estate to the property devised by the sixth clause of his will.

While vesting in his wife the legal title does not of itself negative the fact that a trust was intended to be created, still the mere request by the testator that his wife should look to the interests of the children in the estate upon a certain contingency, will not defeat the plain purpose of the testator to vest in his wife the fee-simple title to his land. Such a title confers upon her the absolute property, and the purchaser was properly compelled to accept the conveyance.

The confidence of the husband in his wife seems not

to have been misplaced—she has not disregarded the request of the husband, nor failed to provide for the welfare of the children in discharge of a duty imposed upon her by reason only of the relation of parent and children. The chancellor, if disposed to adjudge that a trust was created, would have much difficulty in determining its character and the extent of the holding by the mother and her children, and in its execution would necessarily speculate as to the intention of the testator in that regard. We have been referred to the case of Bohon v. Barrett's Executor, 79 Ky., 378, as bearing upon this question, and as conclusive of the case being considered. There is a manifest distinction between the cases, and while the devise to Thomas L. Barrett was absolute, and the request made not as a condition upon which he was to take the estate, still it is plain, from the reading of the entire instrument, that Lillie Barrett was devised ten thousand dollars, to be paid her at the discretion of the trustee. In that case, although it was insisted that a devise was made absolute and unconditional, the testator in the first clause of the will directs the executor, who was claimed to be the sole devisee, to consult with A. J. Wood and Wm. J. Wood as to selling his real estate, and requires Lillie Barrett to remain with his brother, to be governed by his advice and counsel, not to marry without his consent, to render unto him the most implicit obedience, and when this is done, he is requested to give her *ten thousand dollars* on such terms as he may think her interest requires ; but this is left to his discretion, but not to be legally binding on him in a court of equity or elsewhere, but left to his sense of

right and discretion: "*He being fully advised of my wishes concerning the said Lillie, and also concerning the said sum of ten thousand dollars.*" In that case the sum devised to Lillie Barrett was fixed and definite, viz., ten thousand dollars, and the testator intending to give to her this sum of money also desired to place such restraints upon the young girl as would cause her to live with and be educated in the family of his brother, and while imposing such conditions as would conduce to show a mere request to his brother to give this sum at his discretion, he says in effect, you know why these restraints on the young girl, and the conditions as to the gift, are inserted in the will, by the use of the following language: "*He* (my brother) being fully advised of my wishes concerning the said Lillie, and also concerning the said sum of *ten thousand dollars, which I request him to use for her benefit on the conditions aforesaid.*" On the performance of the conditions expressed in Barrett's will Lillie was to have this sum of money, and having complied fully with the wishes of the testator, there was no reason for withholding the devise.

In the present case no such trust arises, and the children must look alone, as the testator expresses it, "to the kind heart and good judgment" of an affectionate mother, in securing to them an interest in the property acquired by her under the will of their father.

Judgment affirmed.