CASE 4—PETITION EQUITY—JUNE 15.

## Enders' Ex'r v. Tasco.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

DEVISE—PRECATORY TRUSTS.—A testator, after devising all his estate to his wife, in the event she survived him, used this language: "It is my desire that it may suit her pleasure, and if so, I request, but without intending to create any trust therefor, that she allow and pay Ann Tasco, a mulatto, who has been for some time in our service, the

sum of fifteen dollars per month, at the end of each month, as long as.
said Ann may live, to be used and applied toward her maintenance
and support." By subsequent clauses of his will he devised the estate
to an adopted daughter, in the event his wife did not survive him,
and provided that the estate so devised should "be subject to a charge
of fifteen dollars per month, to be paid or caused to be paid by her, at
the end of each month, to Ann Tasco, the person named in the second
item of this will, so long as she may live, and for the purposes named
in said second item." The testator's wife survived him, and this suit
was brought against her by Ann Tasco to enforce the trust, which it
is claimed was created in her favor by the will, the widow having
refused to pay her any thing. *Held*—That no trust was created in
favor of the plaintiff by the devise to the widow.

SIMRALL & BODLEY for appellant.

The will of Joseph Enders does not create a trust in favor of appellee.
Words of recommendation or request in a will do not create a trust,
where the testator expressly declares that no trust is intended. (Hill
on Trustees, side p. 72; Perry on Trusts, sec. 115.)

   This case does not come within the rule laid down in Bohon v.
Barrett's Ex'r, 79 Ky.

MARC MUNDY for appellee.

1. The intention of the testator, to be collected from the whole will, must
   prevail. (Webb v. Webb, 12 B. M., 47; Daniel v. Thomson, 14 B.
   M., 672; Augustus v. Seabolt, 3 Met., 159; Jacob v. Jacob, 4 Bush,
   113; Howard v. Howard, 4 Bush, 497; Moran v. Dillehay, 8 Bush,
   437; Bohon v. Barrett, 79 Ky., 398; Barclay v. Dupuy, 6 B. M., 98;
   Moore v. Moore, 12 B. M., 656; Morse v. Cross, 17 B. M., 740.)
2. Whether the words of the will are those of recommendation, or preca-
   tory, or expressing hope, if the objects, with regard to whom such
   terms are applied, are certain, and the subjects of the property to be
   given are also certain, the words are considered imperative. (Bohon
   v. Barrett, 79 Ky., 398; Story's Eq. Jur., sec. 1068a.)

JUDGE BENNETT delivered the opinion of the court.

The second clause of Joseph Enders' will is as fol-
lows: "All the rest and residue of my estate, real, per-
sonal and mixed, after the payment of my just debts and
funeral expenses, I will, devise and bequeath to my dear
wife, Candace J. Enders, to have, control, use and enjoy
as her own absolute property, if she should survive me

long enough to enjoy or take possession or control of
the same; and, in the event of her surviving me, it is
my desire that it may suit her pleasure, and if so, I
request, but without intending to create any trust there-
for, that she allow and pay Ann Tasco, a mulatto, who
has been for some time in our service, the sum of fifteen
dollars per month, at the end of each month, so long as
said Ann may live, to be used and applied toward her
maintenance and support."

The third clause of the will devises all of the testa-
tor's estate to Candace Enders Slater, an adopted
daughter, in case his wife does not survive him.

The fourth clause charges the estate, provided the
adopted daughter takes it, with the payment of fifteen
dollars per month, payable at the end of each month,
to Ann Tasco, during her life, to be used toward her
maintenance and support.

Candace Enders, the appellant, having survived the
testator, and having qualified as executrix, and hav-
ing refused to pay to the appellee said sum of fifteen
dollars per month, the appellee instituted this suit to
recover the same. The chancellor having adjudged
that she was entitled to said sum, according to the
provisions of the will, Mrs. Enders has appealed to
this court.

The case of Bohon v. Barrett's Ex'r, 79 Ky., 378,
does not control this case. While the will in that case
apparently devised to Thomas L. Barrett the testator's
estate absolutely, and left it entirely discretionary with
him as to whether or not he would give any of it to
the testator's adopted daughter, yet the whole context
of the will shows a contrary intention. It shows that

he had a tender regard for his adopted daughter, and was truly solicitous for her future welfare and happiness; and with the view of securing it, he enjoined upon her to be obedient to his brother, Thomas L. Barrett, and his wife, in whom he had the utmost confidence as proper persons to bring her up in proper courses; to live with them; to take their advice, and to be guided by their counsel, and not to marry without their consent. She complying with these requests, he then requested his brother to settle on her ten thousand dollars in such manner as to him seemed best for her best interest; but leaving the matter of investment to his sense of right and discretion, adding, "he being fully advised of my wishes concerning said Lillie, and also concerning the said ten thousand dollars, which I request him to use for her benefit, on the conditions aforesaid." The testator says that his brother had been already fully advised of his wishes concerning his adopted daughter, and also concerning the ten thousand dollars; and the unmistakable inference is, that the absolute discretionary power given his brother was intended to influence the daughter to conform to the line of conduct that he had prescribed for her, to induce her to believe that, unless she kept the brother placated by absolute obedience to his and his wife's wishes, advice and counsel, he might not settle the ten thousand dollars upon her; but, at the same time, he says to the brother, you know, outside of what is here written, what I want you to do in reference to this ten thousand dollars. I want you to settle it upon my adopted daughter, if your condition in life will justify it.

By the second clause of the will, Joseph Enders

gives all his estate to his wife, provided she survives him. He then says, in view of the fact that the appellee has been in his service for some time, it is his desire that it may suit the pleasure of his wife to allow and pay to the appellee fifteen dollars per month, during the latter's life, towards her maintenance and support; but he does not intend to create a trust therefor. The testator's wish is, that it may suit the pleasure of his wife to make this allowance out of her absolute estate, which is equivalent to saying that, if it does not suit the pleasure of his wife to make the allowance, then he does not desire her to make it; that her pleasure, upon the subject of allowance, is to be the law unto him; if she is in favor of making the allowance, it will accord with his wish; if not, then her will be done, not his, for his is to be subordinate to hers, in proof of which (well knowing the doctrine of precatory trust, for he was a lawyer) he says his wish or request is not to create a trust in favor of the appellee.

If this clause establishes a precatory trust in favor of the appellee, it would be a difficult task for a testator to so express himself as not to create one, in expressing a mere wish to the object of his bounty, but leaving it entirely optional with the object of the bounty as to carrying out the wish.

It is contended, however, that the fourth clause creates a trust and charge on the estate in the hands of the appellant. This is clearly a mistake, for the third clause gives the adopted daughter no interest whatever in the estate, except upon the condition that the testator's wife does not survive the testator, in which event she takes the estate; and it is in the event that

the adopted daughter takes the estate, that the allowance to the appellant is made absolute, and becomes a charge upon the estate. Evidently, the testator, having a greater solicitude for the comfort and welfare of his wife than for his adopted daughter, desired not to encumber the estate devised to her with the charge of fifteen dollars per month upon it; therefore, he left it to her absolute discretion as to whether or not she would pay it; but, in case the special object of his bounty did not live to enjoy it, then the estate, in the hands of the adopted daughter, for whose welfare he was not so solicitous, was to be charged with said sum.

The judgment is reversed, with directions to dismiss the appellee's petition.