CASE 35—ACTION BY SALLIE O. WALKER AGAINST THE FIDELITY TRUST
& SAFETY VAULT CO. AS TRUSTEE FOR W. H. STITES AND OTHERS
AS GARNISHEE.—OCT. 9.

# Fidelity Trust & Safety Vault Co. v. Walker.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    AFFIRMED.

TRUSTS—CONSTRUCTION—RIGHTS OF CESTUI QUE TRUST—LIABILITY
OF FUND FOR CESTUI'S DEBTS.

Held:   1. A trust deed conveyed the residue of the trust fund to be
invested by the trustee, and the net income paid in equal monthly
installments of $50 each, and, in case the income did not amount
to such sum, the principal should be liable therefor, to S., to
be by him expended for the benefit of his children and family
without liability to account therefor, and on his death the prin-
cipal to pass in fee to his children, with power in S. to appoint
same among his children by will, and, if S. should survive his
present children, he might elect to demand and receive from
the trustee the principal of the fund, provided that at any time
after the previous life estate had been terminated, if S. affir-
matively showed to the trustee that he was not indebted to any
person, the income should be paid to him for his exclusive use
and benefit.  HELD, that such deed vested in S. the fee in the
income and principal of the estate to the extent of $50 per month,
which amount was liable for his debts.

THOMAS W. BULLITT AND A. SCOTT BULLITT, FOR APPELLANTS.

This is an appeal from a judgment of the Jefferson Circuit
Court, sustaining a general demurrer to the answer of the ap-
pellants (defendants below), and subjecting the income and part
of    the   principal   of   a   trust   fund   in   the   hands
of the Fidelity Trust & Safety Vault Company, trustee (herein-
after called the Fidelity Trust Company), to the payment of a
debt due by W. H. Stites to the appellee, Sallie O. Walker
(plaintiff below). ·

W. H. Stites, made a defendant in the petition, was not served
with process, and has not appeared in the action.

## STATEMENT OF FACTS.

On December 7, 1892, in the circuit court of Davidson county, Tennessee, appellee, Sallie O. Walker, then the wife of W. H. Stites, obtained a decree of divorce from him, and was restored to her maiden name, Sallie O. Walker. She obtained a judgment for alimony in the sum of $1,944.51, with costs amounting to $14.75. The judgment remains unpaid.

W. H. Stites became, and when suit was brought was, a resident of St. Louis, Mo.

His family consists of three children born of a former wife, viz., the appellants, Thomas T. Stites, John Stites, Jr., and Kittie Stites Figgin. He has not married again.

In the year 1894 one Gervas Lenox Taylor, of Dublin, Ireland, by last will, devised a fund of $75,000 to be held in trust for the use and benefit of Elizabeth Stites, of Christian county, for her life, with remainder to her eight children, of whom the said W. H. Stites was one.

On July 18, 1895, W. H. Stites, by a bill of sale, in consideration of $6,589.13 paid to him, assigned and transferred, his undivided one-eighth interest in remainder of the aforesaid fund to his mother, Mrs. Elizabeth Stites.

On August 20, 1895, Mrs. Elizabeth Stites (her husband uniting) executed and delivered to the Fidelity Trust Company a. Deed of Trust (Rec. 19-21), whereby she conveyed to it the said undivided one-eighth interest in the remainder in said fund, to hold the same in trust, however, as follows:

"*First.* Out of the principal of said share, when received, said second party shall pay the sum of three hundred ($300) dollars, with interest from July 18, 1895, advanced to said W. H. Stites.

"*Second.* And shall pay to the personal representative of said Elizabeth Stites the sum of twelve hundred and twenty-four and sixty-one one hundredths ($1,224.61) dollars without interest prior to her death.

"*Third.* The residue of said fund shall be invested by said second party as trust funds are invested under the laws of the State of Kentucky, and the net income therefrom paid in equal monthly installments to said W. H. Stites, to be by him expended for the benefit of his children and family without any liability of accounting therefor, and on his death the principal shall pass in fee to his children, the issue of any children who may die leaving children to take their parent's share, with power in said W. H. Stites to appoint same among his children by will. Should he survive all of his present children the said

W. H. Stiles may, if he so elect, demand and receive from the said trust company the principal of said fund, and, in default of his exercising said power, the same shall at his death pass to such persons as he by last will and testament may designate, and if he should leave no will it shall then pass to his heirs at law under the statutes of descent of the State of Kentucky."

"Provided, that at any time after said life estate ends and said second party received said fund, the said W. H. Stites shall affirmatively show to said trustee that he is not indebted to any person in any sum whatever, the said income may be paid to him for his own exclusive use and benefit, if he shall so elect, and provided, further, that if the income from said fund is less than fifty ($50) dollars per month net, to the said second party, if said W. H. Stites shall so elect, shall pay to him in trust or in fee as hereinbefore directed the sum of fifty ($50) dollars per month so long as said trust fund shall last, and charge the amount of such payment over and above the income therefrom to the principal."

Mrs. Elizabeth Stites died on April 14, 1901.

The Fidelity Trust Company, having paid the sum of $300 and $1,224.61, as provided in clauses one and two of the deed, still has in its hands the principal sum of $6,602, being the residue of said undivided one-eighth interest in the trust fund assigned as aforesaid in trust by Elizabeth Stites to the Fidelity Trust Company.

## THE PLEADINGS.

On June 17, 1901, the appellee, Sallie O. Walker, filed suit in the Jefferson Circuit Court against W. H. Stites, seeking to recover on the Tennessee judgment the sum of $1,944.51, and costs above mentioned.

An attachment thereupon was issued and served upon the Fidelity Trust Company as garnishee.

The Fidelity Trust Company, as garnishee, filed a response, declaring that it had no money or property in its hands belonging to W. H. Stites, or in which he had an interest.

On October 31, 1901, the appellee filed an amended petition making the Fidelity Trust Company a party defendant as garnishee.

On February 25, 1902, appellee filed a second amended petition making appellants, the children of W. H. Stites, viz., Thomas T. Stites and John Stites, Jr., and Kittie Stites Figgin, defendants.

The first amended petition above mentioned sets out substantially:

1. That the defendant, Fidelity Trust Company, did not, in its answer as garnishee, make a full, true, or satisfactory disclosure of the money or property in its hands belonging to W. H. Stites.

2. That the defendant, Fidelity Trust Company, under the deed of trust above mentioned, holds the trust fund therein mentioned—the entire deed being set forth *in haec verba*.

3. That W. H. Stites as *cestui que trust* in the said deed has, under the terms thereof, an interest in the income and part of the principal of said fund.

4. That the bill of sale from W. H. Stites to Elizabeth Stites of his one-eighth interest in remainder in the Gervas Lenox Taylor fund above mentioned, was a mere colorable transfer, made with a view to defeat the claims of his creditors, and that the deed of trust was made pursuant to an agreement between said W. H. Stites and Elizabeth Stites entered into at the time of said sale.

5. Prays that defendant, Fidelity Trust Company, be required to pay into court a sum sufficient to satisfy plaintiff's claim, and that the same be applied thereto.

The second amended petition avers that the defendants, Thomas T. Stites, John Stites, Jr., and Kittie Stites Figgin, claim an interest in the trust fund above mentioned; that it is subordinate to the claim of the plaintiff; and prays that they be required to assert their claim or be forever barred.

No process was issued and no warning order taken against the original defendant, W. H. Stites, on either of the amended petitions; nor was a new attachment sued out.

W. H. Stites has not answered or appeared to either the original or amended petitions.

On December 12, 1901, the Fidelity Trust Company filed its answer to the petition as amended.

On February 27, 1902, the defendants, Thos. T. Stites, John Stites, Jr., and Kittie Stites Figgin, filed their answer to the petition as amended.

These answers set forth substantially the same defenses, which are as follows:

1. It is denied that W. H. Stites, by virtue of the terms of the trust deed from Elizabeth Stites, acquired any interest whatever in the income or principal of the trust fund.

2. It is denied that the transfer by W. H. Stites of his one-eighth interest in the trust fund created by the Gervas Lenox Taylor will was colorable or made for the purpose of defeating

his creditors, or, that the trust deed made by Elizabeth Stites was made pursuant to an agreement between her and W. H. Stites at the time of said transfer by W. H. Stites.

3. To the claim of fraud as to the execution of either of these instruments, a plea of the statute of limitation is interposed.

4. The answer of Thos. T. Stites, John Stites, Jr., and Kittie Stites Figgin claims that they are entitled to have the net income of the trust fund in the hands of the Fidelity Trust Company expended during the life of W. H. Stites for their exclusive benefit and that they are entitled to the principal of the trust fund in fee on the death of said W. H. Stites.

To each of these answers the appellee, Sallie O. Walker, interposed a general demurrer.

Each of said demurrers was sustained.

The appellants thereupon declined to plead further.

Thereupon, on March 22, 1902, the following judgment was rendered.

1. That W. H. Stites is indebted to the appellee in the full amount of the Tennessee judgment, and that the attachment against the trust fund in the hands of the Fidelity Trust Company is sustained.

2. That under the terms of the trust deed from Elizabeth Stites to the Fidelity Trust Company, W. H. Stites is entitled to receive absolutely the sum of $50 per month, to be paid out of the income, if sufficient; if insufficient, then the deficit to be made up out of the principal of the trust fund; and that the appellee has a lien thereon for the satisfaction of her judgment against W. H. Stites.

3. The interests of appellants, Thos. T. Stites, John Stites, Jr., and Kittie Stites Figgin are subordinate to the lien of the appellee, Sallie O. Walker.

4. That the appellant, Fidelity Trust Company, trustee of the trust fund in its hands, pay into court the sum of $50 per month, to be applied to the judgment in favor of appellee until the death of W. H. Stites, or until the appellee's judgment is satisfied.

On May 17, 1902, Fidelity Trust Company, Thos. T. Stites, John Stites, Jr., and Kittie Stites Figgin, after due notice, moved the court to set aside the judgment rendered March 22, 1902, and to be permitted to file a supplemental answer setting forth as follows:

1. That W. H. Stites had resigned as sub-trustee under the deed of trust from Elizabeth Stites above mentioned.

2. That said W. H. Stites had disclaimed any and all interest in the fund.

This motion was overruled.

Fidelity Trust & Safety Vault Co. v. Walker.

The first proposition submitted is that the judgment appealed from is void as to W. H. Stites, and, consequently, erroneous as to other defendants.

The question may be thus stated: Is W. H. Stites, under the terms of the trust deed from Elizabeth Stites to the Fidelity Trust Company, entitled to receive in his own right, to the exclusion of the appellants, his children, the income of the trust fund created by said deed, together with such portion of the principal fund as may aggregate $50 per month?

Or, on the other hand, does W. H. Stites receive said income or said amount of $50 per month as trustee for the use and benefit of appellants, his children?

The following are settled and may be considered as elementary principles of law:

1. A deed is to be construed so as to effectuate the true intention of the parties. That intention is to be gathered from the language of the instrument, all its parts being considered together.

2. If it be possible, each clause and each word in a deed shall be given effect. No part of it shall be rejected.

3. If it be possible, the different parts of the deed shall be so construed as to avoid conflict—to produce harmony between its various provisions.

4. If a deed is capable of two constructions, one indicating a lawful and the other an unlawful intent, it will be construed that the lawful purpose was intended.

### CITATION OF AUTHORITIES.

1. Of the true rule of construction in case of conflict between different provisions in a deed of trust or other instrument. 17 Am. & Eng. Ency. of Law, pp. 7, 8; Spurrier v. Parker, 16 B. M., 274; Churchill v. Reamer, 8 Bush, 256.

2. Of the right of the mother by the terms of a trust deed to protect the trust fund against the debts of a son, in the interest of that son's children. Pope v. Elliott, 8 B. M., 60; Bull v. Ky. Nat. Bank, 90 Ky., 453; White v. Thomas, 8 Bush, 661.

3. Of the construction of the words "the net income therefrom (to be) paid in equal monthly installments to said W. H. Stites, to be by him expended for the benefit of his children and family without any liability of accounting therefor." Hamley v. Gilbert (4 Eng. Chan.), 1 Jacob, 354; In re Ashley, 1 Russ & Mylne. 371; Biddle's Appeal, 80 Pa. Stat., 258; Bohon v. Barrett, 79 Ky., 378; Marshall v. Rash, 87 Ky., 116; Jones v. Clifton, 101 U. S., 225.

Fidelity Trust & Safety Vault Co. v. Walker.

4. Authorities cited in opinion of the court below, reviewed and considered. Ky. Stats., sec. 2355; Samuel v. Salter, 3 Met., 259; Knefler v. Shreve, 78 Ky., 297; Woolley v. Preston, 82 Ky., 415; Parsons v. Spencer, 83 Ky., 305; Bland v. Bland, 90 Ky., 400; Garner v. Wills, 92 Ky., 386; Webster v. Wathen, 97 Ky., 318.

SIMRALL & DOOLAN, ATTORNEYS FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. The judgment appealed from is more favorable to the appellants than they were entitled to claim. The entire trust fund, and not merely an allowance therefrom of fifty dollars per month, should have been subjected to appellee's claim.

2. Viewed in the light of surrounding circumstances, the deed of trust involved in this case was evidently intended to vest in W. H. Stites, a beneficial interest to the extent of not less than fifty dollars per month, it appearing that the entire fund was his, and that the transfers made still give him the most ample dominion over the fund, while attempting to protect it from liability for his debts. This can not be done under our law. Ky. Stats., secs. 2355; Smith v. Smith, 24 Ky. Law Rep., 2261; Bland v Bland, 90 Ky., 400; Marshall v. Rash, 87 Ky., 116; Parsons v. Spencer, 83 Ky., 305; Bull v. Ky. Nat. Bank, 90 Ky., 454; Woolley v. Preston, 82 Ky., 415; Samuel v. Salter, 3 Met., 259; Waite on Fraudulent Conveyances, 3d ed., secs. 360, 364, 365, 366 and 376.

3. The language of the deed of trust does not make W. H. Stites a sub-trustee for his children. Garner v. Wills, 92 Ky., 386; Webster v. Wathen, 97 Ky., 318; Dravo v. Seebolt, 17 Ky. Law Rep., 1165; Sale v. Thornberry, 86 Ky., 266; Enders, Extr., v. Tasco, 89 Ky., 17; Pope's Extr. v. Elliott, 8 B. Mon., 66; Speirs v. Roberts, 73 Mich., 666; Taft v. Taft, 130 Mass., 461; Paisley's App., 70 Pa. St., 153; Biddle's App., 80 Pa. St., 258; Byne v. Blackburn, 26 Beavan, 414.

4. As the head of his own family, and consequently as a member of it, W. H. Stites must be regarded as himself a beneficiary of any *supposed* sub-trust, and the courts could not control him in the expenditure of his entire allowance for his own benefit. Certainly this could not be done in the face of an express provision that he should not be held accountable for his expenditure of the fund. (See authorities cited above.)

5. The language of the deed of trust does not give to the appellants any rights which they could enforce against W. H. Stites, or which could be treated as an estate or interest and subjected to the payment of their debts at the suit of any of

their creditors. Davidson v. Kemper, 79 Ky., 5; Garner v. Wills, 92 Ky., 386; Webster v. Wathen, 97 Ky., 318, 324; Pope's Extr. v. Elliott, 8 B. Mon., 66.

6. As the income or allowance of this trust fund does not belong to any one of these appellants in the sense that any part of it could be subjected to the payment of his or her debts, it must belong to W. H. Stites, and if so, it is subject to the payment of his debts.

7. The appellants in this case are not dependent upon W. H. Stites for maintenance or support. It is not a hardship upon them to subject his own estate to the payment of his own debts. The only hardship involved in this case is that which the appellee has suffered at the hands of W. H. Stites for more than ten years.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

W. H. Stites was entitled to one-eighth in remainder of a sum of about $75,000 bequeathed by one Gervas Lenox Taylor, of Dublin, Ireland. Mrs. Elizabeth Stites, mother of W. H. Stites, was the life tenant. On July 18, 1895, W H. Stites, by a bill of sale, conveyed this interest to his mother, in consideration, it is alleged (and, for the purpose of this appeal, accepted), of $6,589.13 paid to him. On August 20, 1895, Mrs. Elizabeth Stites, for what real con sideration is not shown, executed to appellant trust company a deed of trust conveying to it the said undivided one-eighth interest in remainder in said fund, to hold the same in trust as follows:

"First. Out of the principal of said share, when received, said second party shall pay the sum of three hundred ($300) dollars, with interest from July 18th, 1895, advanced to said W. H. Stites.

"Second. And shall pay to the personal representative of said Elizabeth Stites the sum of twelve hundred and twenty-four and sixty-one hundredths ($1,224.61) dollars without interest prior to her death.

"Third. The residue of said fund shall be invested by

said second party as trust funds are invested under the laws of the State of Kentucky, and the net income therefrom paid in equal monthly installments to said W. H. Stites, to be by him expended for the benefit of his children and family without any liability of accounting therefor, and on his death the principal shall pass in fee to his children, the issue of any children who may die leaving children to take their parent's share, with power in said W. H. Stites to appoint same among his children by will. Should he survive all of his present children, the said W. H. Stites may, if he so elect, demand and receive from the said trust company the principal of said fund, and, in default of his exercising said power, the same shall at his death pass to such persons as he by last will and testament may designate, and if he should leave no will, it shall then pass to his heirs at law under the statutes of descent of the State of Kentucky.

"Provided, that at any time after said life estate ends and said second party receives said fund, said W. H. Stites shall affirmatively show to said trustee that he is not indebted to any person in any sum whatever, the said income may be paid to him for his own exclusive use and benefit, if he shall so elect, and provided further, that if the income from said funds is less than fifty ($50) dollars per month net, the said second party, if said W. H. Stites shall so elect, shall pay to him in trust or in fee as hereinbefore directed the sum of fifty ($50) dollars per month so long as said trust fund shall last, and charge the amount of such payment over and above the income to the principal."

Prior to the transfer by W. H. Stites to his mother on July 18, 1895, he was bound to appellee in the sum of about $1,700, evidenced by a judgment of a court of general juris-

diction of the State of Tennessee. After the death of Mrs.
Elizabeth Stites, and the payment by appellant trust com-
pany of the sum reserved in the deed to be then paid to her
estate, appellee brought this suit against the judgment debt-
or, and caused an attachment to be served on appellant
trust company as garnishee, attaching the interest of W.
H. Stites in the fund mentioned in and set apart by the
deed of August 20, 1895. The garnishee answered that it
owed the principal defendant nothing, and had not the pos-
session of any property of his. Appellee then, by amended
petition, as allowed by section 227, Civ. Code, not being
satisfied with the garnishee's answer, set up the execution
of the deed and the antecedent transfer, and alleged that
they were colorable, fraudulent and designed by W. H.
Stites to cheat, hinder and delay his creditors. An issue
of fact was tendered by the pleadings of the trustee as to
the *bona fides* of the transaction. W. H. Stites' children
living when the deed was made, being his only children,
were made parties to the suit, and made the same defenses
as had been made by the trustee. They were all more than
21 years of age, and one of them, a daughter, was married.
The case was tried out on the pleadings alone, the circuit
court holding that the provisions of the deed nullified the
trust as to all save W. H. Stites, and, as to his interest,
subjected it, to the extent of $50 per month, to the payment
of appellee's judgment debt and the costs. Thereafter W.
H. Stites (who was proceeded against as an absent non-
resident) appeared in the county court of Jefferson county,
tendered his resignation as trustee of his children under
the deed, and nominated one of his sons, who was appointed
by that tribunal in his stead. At the same time W. H. Stites
renounced the trust in his behalf. Therefore the question
for decision is not whether the recited consideration of the

bill of sale from W. H. Stites to his mother actually passed, nor whether the intention of W. H. Stites in those transactions was or not *mala fides;* for, in the absence of proof, and by reason of the decision having been upon demurrer to appellant's pleadings, those facts, being well pleaded, are to be considered as established in appellant's favor.

What interest did W. H. Stites take under the terms of the trust deed from Elizabeth Stites to the trust company? What are the legal rights of appellants, W. H. Stites' children, under that deed? The answers to these questions decide this case.

In the first place, it is to be observed that the total net income from the principal is to be paid over to W. H. Stites by the trustee. He can expend it upon himself and the other members of his family, including his children, in such manner as he pleases. No one—not the children, nor the trustee, nor any one else—is permitted, by the express prohibition of the deed, to call him to account for the manner in which he uses or disposes of this income. If the income is not $50 per month (and it is not, and will not probably be), then he is likewise empowered to consume the principal so as to produce to him an income of at least $50 per month from this fund. In the next place, W. H. Stites may by will dispose of the principal after his death, being restricted only to his own children and offspring, but being permitted to discriminate among them. Should he survive all his present children, he may then demand and receive as his own the principal, or he can dispose of it absolutely by will, or, if he dies intestate without having consumed it, it goes to his heirs at law. The only point of distinction between the estate thus created in the fund, and the absolute estate therein, is that, if any of W. H. Stites' children survive him, they would take the unexpended principal, sub-

ject to his power of appointment; that is, his right to dis-
criminate among them, giving to one all or any part of the
fund, as he might determine.  The contingency must be ex-
tremely rare in which a father would wish to exclude all
his children from any part of his estate.  Nor can the sug-
gestion in the deed that W. H. Stites is to use the income
for his children and family, without any liability of ac-
counting therefor, change the nature of the title in the in-
come from an absolute one.  It vests him with an unre-
strained discretion, by which he may take to himself, as a
member of his family, all of the income, or he might appor-
tion its use among those of his family dependent upon him,
and whom he is already morally and legally bound to sup-
port.  That is about what people generally do with their
own, anyhow.  Under no construction could W. H. Stites'
children claim more of the income than his "family."  In
truth, the deed does not give the income to the "children
and family of W. H. Stites to be expended by him."  It
gives it to W. H. Stites.  The expressed purpose for which
it was to be expended was more in the nature of a request
upon W. H. Stites as to the manner of its use.  If it had
given the whole fund absolutely to W. H. Stites at his
mother's death, to be applied by him for the maintenance
of his family, could his children, and other members of his
family, have excluded him from a personal use of it, or could
they have required, by a chancery proceeding, that he appor-
tion it equitably among them then, or annually so long as
they lived?  The language used rather signifies a reason
for the gift, than implies an irrevocable dedication of the
income to the use of particular persons.  Especially is this
so when any meaning and effect is given to the expression
"without liability to account therefor."  That W. H. Stites
could exclude his children from any sort of claim upon the

income by merely showing he was free of debts, makes the interest of his children more equivocal, if possible, while affording a not unreasonable test of the main purpose of the instrument.

In the very excellent brief of able counsel, appellants properly insist that every part of the instrument, and all of its provisions equally, if possible, be considered in arriving at the intent of the settlor, which must control so far as it is not repugnant to the law. Applying this rule, one can not escape the conclusion that the person whose interest was studiously sought to be conserved in every line and provision of the trust was that of W. H. Stites. With the fullest possible right of personal enjoyment, with privilege of disposing of any surplus at his death in the manner most natural and most likely to be desirable, little more could have been added to the completeness of his title. The interest of his children, if it can be said that they had any but a contingent one, was made to depend upon the natural instinct of their father to aid them as he might judge to be proper, having regard to his conception of his own interests and the natural claims of other members of his family. This, at last, is precisely the "interest" that all children naturally have in their parents' property during the lifetime of the latter. It can not be said then that the children took a legal estate in the income of this fund. If this were a proceeding by a creditor of W. H. Stites' children to subject their interest in the fund, what part of it could the chancellor lay hold on, and say it was liable? In Pope's Ex'rs v. Elliott, 8 B. Mon., 56, it was held that where the executors were not compelled to pay a sum of $25 per month to the support of a devisee, but were authorized to do so in their discretion, the interest of the devisee could not be subjected. In Cosby v. Ferguson, 3 J. J. Marsh., 264, a sum

had been set apart in trust for the benefit of Cosby and his family, "the interest to be appropriated to the maintenance and use of himself and family during their lives." Cosby's interest was subjected to the payment of his debts. The court declined to pass on the question of what beneficial interest the children took. In Garner v. Wills, 92 Ky., 386, 13 R.,786, 17 S. W., 1023, the devise was to the testatrix's children, with this provision for the support of her husband: "I desire that my children give to my husband each year a sum sufficient to support him in a comfortable manner, and furnish to him a comfortable home and maintenance until his death." It was also provided that, if the children failed to furnish the testratrix's husband the home and support, the devise to them was to become void. It was held that the husband took no interest that could be subjected to his debts. In Webster v. Wathen, 97 Ky., 318, 17 R., 33, 30 S. W., 663, the testratrix gave her estate to Hettie Cunningham Wathen. This provision was made as to a sister, Euphemia: "I want her [Hettie] to give any presents to my sister, Euphemia Cunningham Webster, that she may need, and that my estate can afford. I want Hettie, as far as possible, to look after my sister Euphemia's interest, and to protect her as far as lies in her power." It was held that the will did not create a trust in behalf of Euphemia. In that case the court approved these cardinal tests of a trust created by will or deed: (1) The words of the testator must be mandatory; (2) the person intended to be benefited must be certain; (3) the subject to which the obligation relates must be certain. In Davidson's Ex'rs v. Kemper, 79 Ky., 5, the court reviews the cases bearing on this subject, and thus stated the rule: "It will be observed that where, in the cases cited, the interest of the beneficiary has been subjected, there was an absolute ap-

propriation of a certain sum for the benefit of the *cestui que trust,* to be applied in some instances under the direction of the trustee, but in no case, as here, has it been left discretionary with the trustee as to whether the *cestui que trust* should have the use or benefit of any of the property held in trust." All of these cases are necessarily founded upon the idea that these persons did not take an enforceable beneficial interest in the estate sought to be subjected. The trial court went upon the theory that this was a "spendthrift trust," where the most complete enjoyment and most ample dominion over an estate is given to one, with an attempt on the part of the donor to exempt it from liability for the debts of the beneficiary. As these creatures tend to beget idleness and irresponsibility and to shelter fraud, the policy of the law has been to discountenance them. As said by Waite on Fraudulent Conveyances, section 360: "It is opposed to a wise public policy that a man should have an estate to live on, but not an estate to pay his debts with, or that he should possess the benefits of wealth without the responsibilities." This policy has been signified in this State by statute since 1797. Section 2355, Kentucky Statutes, 1899, provides: "Estates of every kind held or possessed in trust, shall be subject to the debts and charges of the persons to whose use, or for whose benefit, they shall be respectively held or possessed, as they would be subject if those persons owned the like interest in the property held or possessed as they own or shall own in the use or trust thereof."

We hold that W. H. Stites took the beneficial interest in the principal funds in the hands of the trust company as trustee, to the extent at least of the right to receive $50 per month therefrom in any event. It was therefore not improper to have subjected that interest so far as was neces-

sary to the payment of appellee's judgment debt. These
conclusions, we think, are supported by the following ad-
ditional cases: Dravo v. Seebolt, 17 R., 1165, 33 S. W.,
1106; Sale v. Thornberry, 86 Ky., 266, 9 R., 472, 5 S. W.,
468; Enders' Ex'r v. Tasco, 89 Ky., 17, 11 R., 592, 11 S. W.,
818; Bland's Adm'r v. Bland, 90 Ky., 400, 12 R., 532, 14
S. W., 423, 9 L. R. A., 599, 29 Am. St. Rep., 390; Parsons
v. Spencer, 83 Ky., 305, 7 R., 329.

Judgment affirmed.

Petition for rehearing by appellant overruled.