### Gross, et al. v. Smart, et al.

(Decided October 19, 1920.)

#### Appeal from Breckinridge Circuit Court.

Wills—Estate Devised—Precatory Trust.—After devising all of his property to his wife, the testator added the following codicil: "I hereby request of my said wife Sarah J. Gross, who is the sole beneficiary in fee simple of all my estate of whatsoever kind or character, that she arrange at her death that if there be any property left which shall pass to her under my will, that such residue shall be divided into equal parts, one part to be given to Sallie Pumphrey DeHaven, wife of O. DeHaven, and the other part to be given to my brother, John B. Gross, and his heirs. I hereby declare this to be only a request upon my part I make of my said wife, and that, in no wise shall this request be construed as meaning that I am placing any limitations whatever upon the right of my said wife to do as she desires with all of said property, which shall to hers in fee simple:" Held, that no precatory trust was created in favor of Sallie Pumphrey DeHaven or John B. Gross and his heirs.

AUD & HIGDON and ALLEN R. KINCHELO for appellants.

CLAUDE MERCER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

A. J. Gross died in the year 1908, leaving the following will and codicil;

"I, A. J. Gross, of Cloverport, in the county of Breckinridge and state of Kentucky, do make and publish this my last will and testament hereby revoking any and all others heretofore made by me.

"After the payment of funeral expenses and all just debts, I give, devise and bequeath to my wife, Sarah J. Gross, all my estate of every description whatever, real, personal and mixed.

"I name and appoint as the executor of this my last will and testament my said wife, Sarah J. Gross, W. G. Smart and John W. Vest, requiring no bond of her.

"Witness my hand and seal this the 26th day of December, 1883.

"A. J. Gross. (Seal)

"Signed, sealed and delivered by A. J. Gross, to be his last will and testament this the 26th day of December, 1883, who also signed the same in our presence, and we have signed our names hereto as witnesses in his presence and in the presence of each other.

"J. A. Murray,
T. N. Warfield.

"I, A. J. Gross, do declare this to be a codicil to my will of date 26th day of December, 1883.

"I hereby revoke the appointment in said will of W. G. Smart and John W. Vest, each as co-executors with my wife, Sarah J. Gross, and I now name and appoint as co-executors of my will my wife, Sarah J. Gross, and the Bank of Hardinsburg & Trust Company, of Hardinsburg, Kentucky, and request that no bond be required of my said wife, Sarah J. Gross, as such co-executor.

"I hereby request of my said wife, Sarah J. Gross, who is the sole beneficiary in fee simple of all my estate of whatsoever kind or character that she arrange at her death that if there be any property left which shall pass to her under my will that such residue shall be divided into equal parts, one part to be given to Sallie Pumphrey DeHaven, wife of O. DeHaven, and the other part to be given to my brother, John B. Gross, and his heirs. I hereby declare this to be only a request upon my part I make of my said wife, and that, in no wise shall this request be construed as meaning that I am placing any limitations whatever upon the right of my said wife to do as she desires with all of said property, which shall to hers in fee simple.

"A. J. Gross.

"Signed and acknowledged by A. J. Gross which he declared to be a codicil to will of date 26th day of December, 1883, in our presence and which we signed as attesting witnesses to his signature in his presence and which we also sign in the presence of each other and in the testator's presence.

"This 2nd day of November, 1906.

"CLAUDE MERCER,
MOSE PUMPHREY."

Sarah J. Gross, wife of A. J. Gross, died in the year 1916, leaving a will by which she devised all of her property to Mrs. Josie Pumphrey. This suit was brought by Stephen Gross and others, heirs of John B. Gross, for a construction of the will of A. J. Gross, plaintiffs claiming that a precatory trust was created in their favor. A demurrer was sustained to the petition and the petition dismissed. Plaintiffs appeal.

It is unnecessary to enter into a general discussion of precatory trusts. It is sufficient to say that there are two rules of law that are fatal to the contention of appellants. In the first place, precatory words which follow an absolute devise are usually treated as expressions of wish rather than of will, so that no trust is created. Hess v. Singler, 114 Mass. 56; Colton v. Colton, 127 U. S. 300, 32 L. Ed. 138; Bloom v. Strauss, 73 Ark. 56, 84 S. W. 511; 40 Cyc., p. 1737. Thus, where a testator devised certain lands to his son absolutely, a subsequent provision, by which testator requested all of his children, if any should die without issue, at their death to will the property received from his estate to testator's surviving children or the issue of those dead, was held insufficient to raise a precatory trust, and limit the fee previously devised. Igo v. Irvine, 70 S. W. 836, 24 Ky. L. R. 1165. In the second place, no trust is created when the language of the will clearly shows that none was intended. Thus, in Enders v. Tasco, 89 Ky. 17, 11 S. W. 818, the words, "I request, but without intending to create a trust therefor," were held not to create a precatory trust. The same ruling was made in the case of Sale v. Thornsberry, 86 Ky. 266, 5 S. W. 468, where the language was, "I only make this request of her and only as a request." The same doctrine prevails in other jurisdictions. Thus, in Bacon v. Ransom, 139 Mass. 117, 29 N. E. 473, there was a request to legatees, followed by the words, "But neither of them is under any legal responsibility to anyone, or to any court, to do so." In Eberhardt v. Perolin, 49 N.

J. Eq. 570, 25 Atl. 510, the words were, ''I would recommend . . . but it is not obligatory.'' In re Keleman, 126 N. Y. 73, 26 N. E. 968, a request was followed by the words, ''But this is not to be construed into an absolute direction on my part, but merely my desire.'' In re Matter of Havens, 2 N. Y. Suppl. 639, 6 Dem. Surr. 456, the words were, ''In the confident belief . . . but it is intended to be unconditional and free from any legal trust or obligation qualifying their absolute title.'' In the case under consideration the request is followed by the words, ''I hereby declare this to be only a request upon my part I make of my said wife, and that in no wise shall this request be construed as meaning that I am placing any limitations whatever upon the right of my said wife to do as she desires with all of said property, which shall to hers in fee simple.'' This language leaves nothing to construction. It is clear, explicit and direct and shows that no trust was intended.

Judgment affirmed.