## Commonwealth ex rel. State Tax Commission v. Willson's Administrator.

(Decided November 12, 1929.)

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., Assistant Attorney General, for appellant.

W. PRATT DALE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Mrs. Marion B. Willson died a resident of Jefferson county, the owner of an estate worth about $90,000. She left, surviving her, her husband James C. Willson and two children, Betty and James C. Willson, Jr. Her will, written in her own hand is in these words: "I wish to will my property to my husband, James C. Willson, and everything belonging to me, asking that he in turn leaves it equally to my two children Jim and Betty—all furniture and silver divided between them. My diamond pin to Betty and diamond ring to Jim, Jr."

The question presented is: Did the husband take the property in fee under this will or only take a life estate with the remainder at his death to the children as the circuit court held? It will be observed that the will is only an expression of the wishes of the deceased. She says, "I wish to will my property to my husband, asking that he in turn leaves it equally to my two chil-

dren.'' Her wish in one part of the will is no stronger than the request, which is directly connected with it. A wife ordinarily does not direct her husband to do things. She ordinarily requests him to do what she wishes. This will, written by the wife herself, must be read as expressing merely her wishes, and one wish is as much entitled to consideration as the other. In such cases a precatory trust is created. Collins v. Carlisle, 7 B. Mon. 13; 28 R. C. L. 243, sec. 209; Temple v. Russell, 251 Mass. 231, 146 N. E. 679, 49 A. L. R. 1, and notes. Where the testator, by one clause of his will, devises the property in fee simple to a certain person and then by another clause requests that person at his death to make a certain provision in his discretion, a different rule is applied. See Gross v. Smart, 189 Ky. 338, 224 S. W. 871, and cases there cited. But that rule has no application where, as here, the testator's will merely expresses two wishes and the second wish directly qualifies the first, being in the same sentence and necessarily expressing the actual intention of the testator when the whole sentence is read.

Judgment affirmed.