## Thomas et al. v. Buck et al.

(Decided November 28, 1930.)

JOHN J. WILLIAMS and GENE LAIR for appellants.

TRABUE, DOOLAN, HELM & HELM for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

This was an action to construe the will of William R. Blakemore. The question presented on the appeal is, does the trust company hold as trustee the property which William B. Blakemore takes under the will?

The will, so far as material, is in these words:

"Paris, Kentucky, July 22, 1929.

"I have already given to my namesake, William B. Blakemore of Isabella, Tenn., fifteen $1,000, bonds of the Commonwealth Edison Company of Chicago, Ill., and forty-eight (48) preferred class A Shares of stock of the Curtis-Wright corporation and one hundred and fifty-six shares of common stock in the same corporation. These I wish to be delivered to him from my safety deposit box as they are already his property. I also wish him to have all my silverware, jewelry and personal effects, with the exception of my brother's watch and chain, said watch is a heavy gold hunting case watch. This watch I want to go to Page B. Blakemore, Jr., and a gold seal ring with the crest of the Page family on it.

"The balance of my estate I want divided into four equal shares and given to the following kin people:

"Page B. Blakemore, Jr., Isabella, Tenn.

"Annie D. Buck, Front Royal, Va.

"Mattie Brown, Front Royal, Va.

"Annie Buck Brown, Front Royal, Va.

"The share that goes to my aunt Annie Buck Brown I want placed in trust with the Columbia & Fidelity Trust Company of Louisville, Kentucky, and the interest paid to her as long as she lives, and at her death I want her share paid to George Buck, my first cousin of Front Royal, Virginia.

"Page B. Blakemore, Jr.'s share I also want placed with the same trust company and the income from same reinvested and when he is thirty years of age the principal and accrued interest is then to be delivered to him.

"I would like for Page B. Blakemore, Sr., the father of William B. Blakemore, both of Isabella, Tenn., to deposit the stocks and bonds I have given

William B. Blakemore with the Columbia & Fidelity Trust Company of Louisville, Kentucky, to be kept in trust for him until he is thirty (30) years of age; the interest to be reinvested from time to time unless said William B. Blakemore should need it to complete his education in such case his father has the right to give him said interest for that purpose."

After the testator's death the executor found in his safety box at the People's Deposit Bank & Trust Company a number of securities, and in an envelope in the box were 15 shares of the Commonwealth Edison, Chicago, Ill., of the par value of $1,000 each; 48 shares of class A preferred stock of the Curtis-Wright Corporation; and 156 shares of the common stock in that corporation. Upon the envelope these words were written:

"These 15 bonds are the property of William Blantin Blakemore of Isabella, Tenn.
"Aug. 20-28 (Signed) W. R. Blakemore."

The circuit court adjudged that the stock and bonds bequeathed to William B. Blakemore should be deposited with and transferred by the executor to the Fidelity & Columbia Trust Company of Louisville, Ky., to be held by it as trustee under the terms and directions set out in the will of William R. Blakemore. The executor and Page B. Blakemore, Sr., appeal.

As the envelope was left in the box by the testator and was subject to his control as long as he lived, the fact that he kept it there without delivering it to anybody for nearly a year shows that he had not parted with control over it, and that no valid gift inter vivos had been made. Dick v. Harris, 145 Ky. 739, 141 S. W. 56; Turpin v. Stringer, 228 Ky. 32, 14 S. W. (2d) 189, and cases cited. The will was written by the testator himself. He did not use legal terms and expressed himself in informal language. It is the well-settled rule that the intention of the testator as manifested from the language of the will as a whole, must be upheld, and will not be defeated by a strict and literal construction of an isolated word or sentence.

"In other words, the general scheme and purpose of the testator, as contained in the whole of his will, must prevail over strict grammatical constructions of isolated clauses and sentences, and especially

so if to do otherwise would result in entirely defeating the testator's general scheme and intention in making disposition of his property." Martin v. Thompson, 191 Ky. 105, 229 S. W. 112, 114.

In 1 Page on Wills, sec. 76, the rule is thus stated:

"Since a testator is not obliged to use any set form of words, it follows that he may put his intention in the form of a request or a recommendation. As long as it is a statement in legal form of his wish concerning the disposition of his property, the appointment of an executor of his estate or a guardian for his children, it will be treated as his will. This rule is well settled."

It will be observed that nowhere in the will does the testator use formal words. He merely expresses what he wishes or wants done, and, when he uses the words "I would like" in the last clause of the will above quoted, he evidently uses these words in the same sense as he uses the word "want" in the preceding clause; for he adds that the fund, after it is deposited with the trust company, is to be kept in trust for the infant until he is thirty years of age and the interest is to be reinvested from time to time, unless the infant should need more to complete his education, and in such case his father has the right to give him the interest for that purpose. The testator clearly intended that these stocks and bonds should be kept in trust for the infant until he was thirty years of age, and he clearly intended this for the security of the infant, and to this end intended that the father should not keep the bonds, but deposit them with the trust company. The deposit of the bonds with the trust company is the central thought of this provision of the will; the purpose being to secure the devisee until he was thirty years of age. The actual intention of the testator is the pole star of his will. When this intention is clear from the will as a whole, it will not be defeated, because he used the words "would like" instead of the word "want," which he had used above. He clearly intended these stocks and bonds to be deposited with the trust company, and, though he only expressed the wish to this end, his wish must be carried out, because the will after all is only an expression of his wishes. The devisee was an infant. The property could not be then delivered to him, and the testator did not intend for him to have it

until thirty years of age. Precatory words addressed to a fiduciary or custodian of a fund are enforced as mandatory when like words addressed to the devisee, whose estate is absolute, would not be enforced. 2 Page on Wills, sec. 1041. Bohon v. Barrett, 79 Ky. 378; Gaither v. Gaither, 213 Ky. 330, 280 S. W. 1099; Commonwealth v. Wilson, 231 Ky. 497, 21 S. W. (2d) 814.

It will be the duty of the trust company to pay so much of the interest as William B. Blakemore may need to complete his education, and as in such case his father has the right to give said interest for that purpose, it will be the duty of the trust company to pay to the father on his application so much of the interest as in the judgment of the father should be applied to this purpose. This power is vested in the father by the will.

Judgment affirmed.