## Gaither's Guardian Ad Litem v. Gaither, et al.

(Decided March 2, 1926.)

### Appeal from Mercer Circuit Court.

1. Wills—Devise by Testatrix to Sons Equally, Proceeds to be Used for Education of Their Children, Carried with it by Implication Power to Sell and Convey.—Where testatrix provided that she desired her sons to share equally in her home, proceeds therefrom to be used as far as they would go for education of their children, sons had power to sell and convey property; devise as

to use of proceeds carrying with it such power by necessary implication.

2.  Wills—Will Desiring Testatrix's Sons to Share Equally in Her Home, Proceeds Therefrom to be Used for Education of Children, Made Sons Trustees of Express Trust, Holding Share of Proceeds as Trust Fund for Education of Children.—Where testatrix's will provided that "My home I desire my three sons to share equally, and proceeds therefrom to be used for the education of their children," such devise was not precatory, but, by terms thereof sons were made trustees of express trust, each holding his proportionate share of proceeds as trust fund for education of his children.

3.  Trusts—Where Testatrix Required no Bond, and no Probability of Loss was Shown, Court Did Not Abuse Discretion in Not Requiring Trustee to Give Bond.—Where testatrix, having all facts before her, devised property to her sons in trust for the education of their children, but did not require a bond of any of them, and no probability of loss was shown, court did not abuse its discretion in failing to require such sons, as trustees, to give bond.

4.  Trusts—Requirement of Bonds from Trustees Rests in Sound Discretion of Chancellor.—While chancellor will, when necessary for protection of interests of infants require a trustee for them to execute bond, such matter always rests in sound discretion of chancellor, and his conclusion will not be disturbed unless discretion is abused.

E. H. GAITHER for appellant.

ROY E. GRAVES for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

In May, 1923, Mrs. Ida B. Gaither died testate in Mercer county, the owner of a house and lot in Harrodsburg in which she resided. By her will, which was duly admitted to probate, she disposed of it as follows:

"My home on Moreland avenue I desire my three sons to share equally and proceeds therefrom to be used as far as they will go for the education of their children."

On March 28, 1925, the devisees sold the house by executory contract to Howard Forsythe for $6,550.00. There being doubt in the mind of the purchaser as to whether the deed they tendered him passed a good title this action was filed by the three sons, their wives, their children and the purchaser to obtain the judgment of the court as to the title. Each of the sons had children,

all of them being infants. The infants joined in the peti-- tion by their next friend. The court required the peti- tion to be reformed so as to make all the adult plaintiffs defendants to the action, leaving the infant plaintiffs by their next friend as the sole plaintiffs. A guardian *ad litem* was appointed who filed his report, alleging that by the will a trust was created by which the fathers of the infant children became their trustees for the spe- cific purpose of applying the proceeds derived from the property for their education. He prayed the court to so construe the will and that the interest of the infants be protected by proper orders. One of the sons was a law- yer living in New York City; the second was a civil en- gineer living in Topeka, Kansas; the third was a resi- dent of Mexico City, Mexico; all of them were successful business men. On final hearing the circuit court entered a judgment that the testator intended that the proceeds arising from the sale of the property should be used by them in the education of their children, but that the three sons are the owners in fee of the property, with power to sell and convey, and that the purchaser is under no obligation to look to the use of the proceeds. From this judgment the guardian *ad litem* appeals.

As by the terms of the will the three sons are to share the property equally and the proceeds therefrom to be used as far as they will go for the education of their children the will clearly gives the three sons the power to sell and convey the property, for otherwise the pro- ceeds therefrom could not be used for the education of their children. The devise as to the use of the proceeds by necessary implication carries with it the power to sell and convey.

There is nothing precatory in this devise. The sons are not requested to apply the proceeds to the education of their children. By the terms of the will the proceeds therefrom are to be used as far as they will go for the education of their children. The sons are thus made the trustees of an express trust; each takes one-third of the proceeds and each holds the fund he so takes as a trust fund for the education of his children. He is, as to this fund, the trustee of an express trust. He is not at liberty to use the fund or its accumulations for any other pur- pose under present conditions.

It is earnestly insisted that this being true, the cir- cuit court erred in not requiring each of the trustees to execute a bond for the faithful performance of the trust.

In 39 Cyc., p. 254, the general rule on the subject is thus stated:

"In a proper case, the court may, by virtue of its inherent chancery jurisdiction over trust estates, require the execution of a bond for the faithful administration of the trust. It is optional with the creator of the trust to require a bond or not, and a trustee should not be called on for security when the creator of the trust required none of him and no probability of loss is shown."

No fact appears that was unknown to the testatrix when she made her will; she knew where each of her sons resided; she knew the business qualifications of each of them. When she created the trust, having all the facts before her, she did not require a bond of any of them. No probability of loss is shown. The circuit court in the exercise of his discretion did not deem it proper to require the trustees to give bond and we cannot say, that in so doing he abused his discretion. While infants are peculiarly under the protection of the chancellor and he will when necessary for the protection of their interest require a trustee for them to execute bond, the matter always rests in his sound discretion and his conclusion will not be disturbed unless the discretion is abused.

Judgment affirmed. Whole court sitting.