## Saffold v. Stevens et al.

(Decided January 15, 1929.)

JAMES DE BORD for appellant.

ROBBINS & SMITH for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

S. B. Wright, a citizen of Graves county, died in June, 1913, possessed of an estate of more than $250,000 which, excepting several minor bequests, he devised in three equal parts to his two sons, H. J. Wright and J. M. Wright, and the five children of his deceased daughter, Annie Saffold. He nominated his two sons and his family physician and trusted friend, Dr. E. A. Stevens, as executors, and gave them extraordinary powers in the management and distribution of his estate. The testator also appointed Dr. Stevens as trustee for the Saffold children, and gave him large discretionary powers in that capacity. The will provided that the trustee out of the

income might pay for the maintenance and education of the children, and then, as each became 24 years of age, settlement should be made as to that one's estate. It was further provided that the executors should be permitted to qualify without bond, but the will is silent as to the bond of the trustee.

The executors managed the estate and made distribution thereof according to the terms of the will, but never filed any inventory, appraisement, or sale bill, nor any settlement of their accounts with the county court. The trustee, however, made settlements with the four older Saffold children, which were properly filed and duly confirmed by the county court   Thereafter, on June 6, 1923, a document was signed and acknowledged by the executors, the trustee, and all of the devisees, including the youngest Saffold child, who is the appellant, Edwin B. Saffold (then over 21 years of age), which paper declared that the filing of the inventory, sale bill, and settlements by the executors was not contemplated or required by the will and was waived by all of the parties. It was further declared that the estate had been properly administered and that each devisee had received his share in the estate, and satisfaction by each of them was acknowledged. It was also evidenced by the paper that Dr. Stevens had had paid and delivered to him all the estate to which he was entitled as trustee.

When the appellant became 24 years of age his trustee made a final settlement and filed it with the county court, which in due course was confirmed, although the receipts and acknowledgments of the beneficiary were not filed. Thereafter th eappellant instituted this suit against the trustee, Dr. Stevens, in which he made numerous charges of imprudent management of the trust estate, due, as he alleged, to his favoritism toward his co-executors, the uncles of the plaintiff. He claimed that the trustee had failed to collect from the executors all that was due the trust estate, and sought to surcharge the settlement and to recover of Dr. Stevens large sums on account of violations of the trust. Most of these charges were of a general nature, and the petition failed to point out definitely and specifically errors in the settlements complained of, which should be done in such action. Harper v. Lamb, 202 Ky. 771, 261 S. W. 280; Wren's Ex'r v. Wren's Ex'x, 126 Ky. 704, 104 S. W. 737. Issues were joined after many preliminary motions, and about a

thousand pages of depositions taken, much of which appears to have been unnecessary.

The case was referred to a special commissioner, who reported that the trustee had properly accounted to the beneficiary for all the estate, and approved the settlement made. Exceptions were filed to this report, and, after being heard by the court, were overruled, and it was adjudged that the executors had paid over to the trustee all property due to the trust estate; that the trustee had fully and correctly accounted for all property so delivered to him, particularly for the plaintiff; that he had exercised due diligence, unusual care and ability, and had honestly administered and accounted for the entire estate in strict compliance with the terms of the will of S. B. Wright; that because of the failure of the plaintiff to accept the part of the trust estate tendered him by the trustee, he had compelled him to continue the trust more than two years after it should have been concluded and to defend this suit at great expense; and a fee of $1,000 was allowed the trustee's attorney for services rendered. The court further adjudged that the plaintiff should accept the securities and deeds to real estate tendered him by the trustee which he had refused. From that judgment this appeal is prosecuted.

It would appear from brief of appellant's counsel that most of the claims and charges asserted against the trustee have been abandoned, although it is difficult to tell from the brief because of its lack of clarity just what the specific complaints now are. It appears that such as have not been abandoned are based on the ground that Dr. Stevens was a trustee de son tort and liable for much that he would otherwise not be liable for, particularly that he should have held the estate intact without any management and have been disallowed credit for all expenses, although reasonably and legitimately incurred. We need not consider the responsibilities of such psuedo agent, for Dr. Stevens cannot be so classed. As stated, he was appointed by the testator, and qualified in the county court by taking oath in such capacity. No bond was required of him, and it is on this omission that appellant bases his classification. The contention is without merit. The county court, in the exercise of its discretion, is authorized to permit the qualification of a trustee without bond, particularly where the creator of the trust does not require it either expressly or impliedly, and

where there is no probability of loss. Gaither's Guardian v. Gaither, 213 Ky. 330, 280 S. W. 1099. The confidence reposed in this instance appears to have been well placed.

A greater part of appellant's brief is made up of complaint against the executors for not having filed an inventory and made settlements with the county court. While that should have been done, it is sufficient to say that an adequate remedy is provided for securing the performance of this duty by personal representatives, but the executors are not parties to this suit, and we are not here concerned with that matter.

The trustee in this case did file with the county court settlement showing in detail receipts and disbursements, but did not file any inventory or appraisement, and appellant contends that this was in itself sufficient evidence of wrongdoing to show a lack of proper accounting, although he does not make it appear how his interests were affected. Sections 3886 et seq. of the Statutes are cited, and contention is made that under their provisions the trustee should have filed an inventory. Those statutes, by their express terms, relate only to personal representatives of decedents, and have no application to trustees. There is no statute or other law requiring a trustee to file such papers. Sections 1062 et seq. relate to settlements by trustees and other fiduciaries, but they do not require the filing of any inventory. It may be said that the requirement of a settlement presupposes the inclusion of a statement of property coming into the hands of the trustee. Such settlements are the subject of exceptions, and on the trial of the exceptions any one aggrieved would, of course, be permitted to show that the statement of receipts is incorrect and does not in fact include or disclose all the estate which came or should have come into the trustee's possession. The settlements made by Dr. Stevens with appellant, as well as with his brothers and sisters (and accepted by them), showed in detail the estate which came into his hands, and appellant might have availed himself of the right to question the correctness of his settlement in the county court, but did not do so.

We are not so sure but that appellant, by executing the paper of June 6, 1923, was prima facie concluded from questioning the correctness of the executors' settlement with his trustee, but the estoppel was not pleaded against him, and on the trial the executors produced a

full and complete statement of the estate of S. B. Wright and showed in detail what property came into their hands and what was paid and delivered to the trustee for the Saffold children. The other executors and the trustee were subjected to extended cross-examination respecting these figures and their transactions. It is made clear that there has been an especially prudent and accurate handling of the estate and that appellant's trustee received and accounted for every cent due him and the other beneficiaries. It would serve no useful purpose to go into these items in detail. It should be sufficient to say that the trustee's settlement was confirmed without objection by the county court; and, after being attacked in this action and voluminous testimony taken regarding it, the settlement was examined by a special commissioner of the court, who had access to the original records and books of the trustee, and found by him to be correct. It was reviewed by the chancellor, and also approved by him. This court has examined the record, and finds no error in it.

The executors and the trustee are all admitted to be business men of high character and occupying positions of great financial responsibility and trust. They have managed this large estate with extraordinary ability and without compensation as executors, and Dr. Stevens, in his capacity as trustee, waived his commissions on the securities and land turned over to the beneficiaries. He was properly allowed compensation for services relating to the other part of the estate, and attorney's fees and expenses incurred in this suit and necessary litigation. Upon the whole case we are of the opinion that this young man has been fortunate in having his affairs so efficiently handled, and are sure he has no cause for just complaint.

The judgment therefore is affirmed.